FLEMING SHIVER, plaintiff in error, *vs.* THE STATE OF GEOR-
GIA, defendant in error.

[1.] A. was indicted, as the father of a bastard child, for refusing to give the
bond for its maintenance.  On the trial, and after the close of the evidence,
he offered to give the bond; the Court rejected the offer.
*Held,* That the Court did right.

[2.] Having been found guilty of this offence, the sentence on him was, that he
should pay a fine of $700, and should *be imprisoned until he paid the fine.*  He
did not insist, that he was *unable* to pay the fine.
*Held,* That this sentence was right.

Indictment for Bastardy, &c. in Worth Superior Court.
Tried before Judge POWERS, April Term, 1857.

This was an Indictment against Fleming Shiver, for Bas-
tardy, and refusal to give bond and security for the main-
tenance and education of the child as required by law.

Upon the trial, the State first offered in evidence, the war-
rant issued for defendant's arrest, with the orders and entries
thereon by the Justice, before whom prisoner was brought.
Defendant's counsel objected to their introduction.

The Court overruled the objection, and let in the warrant
and the entries endorsed thereon, as evidence that defendant
had been arrested and had refused to give the bond for main-
tenance.

And to this ruling, counsel for defendant excepts.

The following order was entered on the warrant, viz: "It is
ordered and adjudged upon the testimony of the within case,
that Fleming Shiver give bond and security, in terms of the
law, for the maintenance and education of said bastard child,
and pay all the costs of this proceeding, this the 8th Novem-
ber, 1855.      '

ISAAC HOWARD, <i>J. P.</i>

Isaac Howard, the Justice before whom defendant was
brought, testified on the part of the State, that when defend-

ant was brought before him, he gave him choice, either to give bond for the maintenance of the child, or bond for his appearance at the next Superior Court, to answer the charge. Defendant preferred to give bond for appearance. No evidence was had on that occasion, except the affidavit of the mother of the child, Dorcas Shiver; that he refused at first to allow defendant to introduce testimony, but afterwards, and before the bond was executed, told prisoner he could introduce his testimony, which he then refused to do. Did not mention to him the amount of the bond for the maintenance and education, but prisoner knew what was required of him, although the order entered on the warrant was not read over to him.

The State, then offered in evidence the bond executed by prisoner for his appearance; to the reading of which, or to that part, which recites that defendant refused to give the bond for maintenance, &c., defendant's counsel objected.

The Court overruled the objection, and allowed the bond to be read to the jury, and counsel for defendant excepted.

*Dorcas Shiver* for the State, sworn; testifies that she was delivered of a bastard child about December, 1855: That Fleming Shiver the defendant is the father of the child. The child was born in Dougherty county, but was begotten in Worth county; she thinks at the house of Henry Yesty, about the last of March; had had frequent intercourse with defendant at the house of Yesty, at her father's, and other places in the county, both before and after the last of March. She had intercourse with no other person at or near that time. She had intercourse with one other person, and with only one other person, before that time or since, and it has been four or five years; she had intercourse with that other, by whom she had a bastard child, some six years ago; both these persons succeeded in having intercourse with her by promising to marry her.

Shiver vs. The State of Georgia.

*For defendant.*

*Henry Yesty,* testified, that he had seen defendant and Dorcas Shiver together at his house frequently, but he never saw defendant take any liberty whatever with her, nor any thing to induce the belief that an illicit intercourse was being had between them.

*Henry Shiver* testified, that he lived at Manning Shiver's, the father of Dorcas; that she lived with her father from January to March, 1855; saw Fleming occasionally when he was sent for to assist in rolling logs, and once or twice in the morning: he never stayed there all night; never saw him take any liberties with Dorcas, who was there all the time.

After the close of the testimony, the defendant proposed to give such bond, for the maintenance of the child as the Court should approve. This being declined, he then tendered a bond executed for the sum of $700, with two good securities, for the maintenance and education of the child, as provided by law, which was objected to, and refused by the Court; and counsel for defendant excepted.

Defendant's counsel then proceeded to address the jury, and while commenting on the offer to execute the bond, he was stopped by the Solicitor. General, who consented to accept the bond if sufficiently secured, and all costs were paid. This defendant agreed to do, but the Court held that the bond could not then be legally taken, and such settlement would not be a proper legal disposition of the case: And to this ruling, counsel for defendant excepted.

The case proceeded, and the argument of counsel being closed, the Court charged the jury, that they could not take any notice of the offer which defendant had made to give the bond for maintenance, as it was not in evidence before them, and such offer at the time, was too late, he having refused to give the bond at the proper time: further, that they could not look to the question, whether the child was likely

to be a charge to the county or not, as the only questions for their consideration were, whether defendant was the father of the child, and had failed or refused, when called upon by the Justice of the Peace, to give bond for its maintenance and education.

The Court further charged the jury, that if the defendant had the option, to give a bond for maintenance or for his appearance, that the giving bond to appear and answer the charge of bastardy in this Court, was evidence from which they might infer a refusal to give the bond for maintenance.

Counsel for defendant requested the Court to charge the jury, that if they were not satisfied from the evidence that the bastard child was likely to become a charge to the county, that then they could not find the defendant guilty. This charge the Court refused to give, but charged the jury that such was not the law, and read from the penal code, 10th division, 27th section, down to the words, "shall be punished," and stopped. Counsel for defendant requested the Court to read the balance of the section, which the Court did, but told the jury, that was a matter with which they had nothing to do, but a question for the Court in affixing the punishment of the party, if found guilty.

To all of which charge, and refusal to charge, defendant's counsel excepted.

The jury found the defendant guilty, and the Court imposed upon him a fine of $700, and to be imprisoned until he paid the same and costs.

To which sentence counsel for defendant excepted.

W. A. HARRIS; HALL & MILLER, for plaintiff in error.

SOL. GEN., for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

There are a number of exceptions in this case, but only two of them were insisted upon in this Court, viz: The ex-

ception to the refusal of the Court to accept the defendant's bond offered during the trial; and the exception to the sentence.

(1.) And we think that neither of these is good.

As to the first of them. If Shiver was the father of the child, the offence was complete when he refused to give the bond to the examining Justice of the Peace. 10*th div. 26th sec. Penal Code. Walker vs. State*, 5. *Ga.* 491.

And it is a general rule, that for a complete offence, nothing short of punishment can be a satisfaction. This offence is no where stated to be an exception to the general rule.

Nor is it clear to us, that it ought to be an exception to that rule.

Were it one, would a party accused of this offence, ever give bond until the moment, when he became satisfied, that a verdict was made up against him? And, certainly, any thing calculated to encourage men to hold out against the performance of what a law requires of them, ought not to be a part of that very law itself.

It may admit of a doubt too, whether, under any circumstances, any magistrate, but a Justice of the Peace, has the authority to take a bond of this kind. *Cobb's Dig*. 148.

[2.] As to the other, of the two exceptions. It is true that it is a part of the sentence, that the defendant was to be imprisoned until he paid the fine; but, no doubt, this was made a part of the sentence, merely to enforce the payment of the fine. With the payment of the fine, this part would have been annulled. And the Court has the right, in the case of every fine, to enforce the payment of the fine, by the imprisonment of the party fined. Indeed, there is no other way by which, the Court can enforce the payment of a fine.

The party accused in this case, did not pretend, that he was *unable* to pay the fine; and therefore, did not bring himself within that clause of the law, which says, that, "if the offender is unable to pay the said fine or fines, he shall be

punished by imprisonment in the comon jail for the space of three months. *Cobb's Dig.* 818.

So, we think that the decision of the Court below ought to be affirmed.

Judgment affirmed.