FRANCIS M. GROGAN, plaintiff in error, *vs.* THE STATE OF
GEORGIA, defendant in error.

1.  The offense of misdemeanor, under section 4564 of the Code, is not
complete until the defendant has failed or refused to give security
for the maintenance and education of the bastard child, "when re-
quired to do so in terms of the law."   The gist of the offense is the
refusal to support the child sworn to be his, thus entailing that ex-
pense upon the county.

2. "The terms of the law" require that he be carried before the justice of the peace, and if he then refuses to give security for the maintenance and education of the child, the justice shall bind him over to appear at court, and the solicitor general shall then prosecute him for the offense. The sheriff has no authority to take the bond for his appearance at court, especially out of the county of which he is the sheriff.

Criminal Law. Bastardy. Before Judge KNIGHT. Milton Superior Court. August Term, 1876.

Reported in the opinion.

H. P. BELL, for plaintiff in error.

C. D. PHILLIPS, solicitor general, for the state.

JACKSON, Judge.

The defendant was indicted for a misdemeanor in failing to support a bastard child charged to him by the mother. It appeared from the evidence that he never was taken before any justice of the peace, either him who issued the warrant, or any other, in terms of the law, but that the sheriff arrested him in Fulton county, and there took his bond to appear at court. He was convicted and moved for a new trial upon the ground that the offense was not complete until he was taken before a justice of the peace of Milton county, where the child was chargeable, and there and then failed or refused to give the bond. The court refused the new trial, and the defendant excepted. The single question necessary to be decided in the view we take of the case is: was the crime complete until the defendant was taken before the justice, and then and there refused to give security to support the child?

The section of the Code which defines the offense is 4564. That section enacts that "if any putative father of a bastard child or children, shall refuse or fail to give security for the maintenance and education of such child or children, *when required to do so in terms of the law*, such putative father shall be indicted for a misdemeanor, and on conviction of

the fact of being the father of such bastard child or children, and of his failure or refusal to give such security, shall be punished, etc."

It will be seen that two ingredients enter into the offense; first, the being the father of the child; and, secondly, the failure or refusal to support the child *when required to do so in terms of the law.* What are the terms of the law which must be required of him before the crime is complete? Section 4762 of the Code answers the question. That section declares, in substance, that when a woman, having a bastard child, discovers on oath its father to a justice of the peace, then the justice shall issue a warrant for the arrest of the putative father, and have him brought before him, and if he refuse to give security for the maintenance and education of the child, then the justice shall bind him over to appear at court to answer for the misdemeanor. The sheriff or other arresting officer has nothing to do but to take the father before the justice. He has no right or authority to take any bond for the appearance of the father at the superior court. Especially he has not a particle of such authority out of his bailiwick—his own county. He has power only to take the father to the justice, and then the duty of the justice is to require bond, in terms of the law, to support the child, and if he fails to give this bond, when required by the justice, then the justice—the crime being complete— must bind him over to appear at the superior court to answer the misdemeanor.

The facts of this case show the propriety of the law. This sheriff took a bond for $150.00 from the defendant, a very poor security for his attendance at court; he took it in a different county from his own, where he had no official authority —he took security in that foreign county, and did everything wrong. We think that the whole proceeding was illegal, the offense not made out, and feel constrained to grant a new trial. See 5 *Ga. Rep.*, 491.

Judgment reversed.