## JOHNSON v. THE STATE.

102 613
f114 522

One essential element of the offense of bastardy being the refusal or failure of the accused "to give security for the maintenance and education" of the child, "when required to do so in terms of the law," and the law in such cases declaring that the accused, when brought before a justice of the peace, "may be required to give security for the maintenance and education of the child until it arrives at the age of fourteen years," etc., a mere general requirement that the accused give "a $750.00 bond for education and maintenance of the child," without limit as to time, is not lawful, for the reason that such a bond would bind the accused to educate and maintain the child for an indefinite period, and not merely until it arrived at the age of fourteen years.

Submitted October 11, — Decided November 15, 1897.

Indictment for bastardy. Before Judge Butt. Muscogee superior court. May term, 1897.

*Blandford & Grimes*, for plaintiff in error.
*S. P. Gilbert, solicitor-general,* contra.

LUMPKIN, P. J. Section 642 of the Penal Code declares, that "If a putative father of a bastard child shall refuse or fail to give security for the maintenance and education of such child, when required to do so in terms of the law, he shall be guilty of a misdemeanor." The "terms of the law" under which a magistrate is authorized to require a bond of the father of a bastard child are to be found in section 1250 of the Penal Code. It declares, that when the father is brought before the justice, "he may be required to give security for the maintenance and education of the child until it arrives at the age of fourteen years, and also the expense of lying-in with such child, boarding, nursing and maintenance, while the mother is confined by reason thereof." It will be observed that the bond referred to in the language last quoted would only bind the father for the maintenance and education of the child until it arrived at the age of fourteen years; and therefore, under this provision of the law, a bond requiring him to maintain and educate the child during the entire period of its minority, or for any period whatever after it had attained the age of fourteen years, could not legally be exacted. At any rate, the refusal to give a bond which would put upon the father any greater burden, so far as

the child was concerned, than its maintenance and education up to the age of fourteen years, would not be indictable under section 642, supra.

The accused in the present case was brought before a magistrate who, after hearing the evidence, required him to give "a $750.00 bond for education and maintenance of the child, and for lying-in expenses." The accused refused to comply with this demand, and was bound over for his appearance at the next term of the superior court, where he was indicted for the offense of bastardy. There was sufficient evidence at the trial to warrant a finding that he was the father of the bastard child of the prosecutrix; and the only question is, whether his refusal to give the bond required of him by the magistrate constituted a violation of section 642 of the Penal Code. The demand, as a whole, required the accused to give security for the maintenance and education of the child without limit as to time, and also for the lying-in expenses of the mother. Treating this demand solely with reference to its requirements respecting the child, we do not think the refusal to give it rendered the accused indictable for the offense of bastardy; for it exacted of him a bond more binding and comprehensive in its terms than that a refusal to give which would have made him guilty of a misdemeanor under section 642.

We have not overlooked the decisions of this court in *Walker* v. *State*, 5 *Ga.* 491, and *Parsons* v. *State*, 97 *Ga.* 73. In the former it was held, that an allegation in the indictment that the accused "refused to give security for the maintenance and education of such child, when required to do so *in terms of the law*, by the justice of the peace," was sufficient. In reasoning as to this matter, Judge Warner, in substance, said that the requirement to give security "in terms of the law" was really a requirement to give a bond for the maintenance and education of the child until it arrived at the age of fourteen years. It also appeared in that case that the magistrate before whom the accused was brought read the bastardy law to him openly and aloud, and as this fact afforded sufficient evidence that he fully understood what were the "terms of the law" as to the security required of him, and yet he refused to give the bond, a

finding to the effect that he refused to give security for the maintenance and education of the child until it became fourteen years old was sustained. The decision in the *Parsons* case, without citing the *Walker* case, simply followed the doctrine therein announced. It appeared that Parsons was required to "give bond in conformity to the statute." This was the same thing as requiring him to give security "in terms of the law," and Chief Justice Simmons remarked that the accused must have known what kind of a bond was required of him. The point made was not that raised in the present case, viz., that the bond exacted would have required the accused to maintain and educate the child after it had reached the age of fourteen. While the magistrate's judgment in the *Parsons* case did recite that the accused failed "to give bond as required by law, for the support of the child, lying-in, etc.," it was not alleged as an objection to this judgment, or to the demand and refusal upon which it was based, that the bond to which they referred was one more excessive or onerous in its terms than the law authorized. The court charged the jury, that "the judgment of the magistrate used in evidence, that the accused was required to give such bond and failed to do so, [was] sufficient evidence on that branch of the case." This charge was excepted to as erroneous, "because the judgment of the magistrate used in evidence did not authorize it, and because the judgment of the magistrate nowhere orders the defendant to give bond for any particular purpose, and does not find that he was required to give such bond, that is, for the maintenance and education of the child, and does not specify what the bond was to be given for, and does not specify what statute the bond was to be given in. conformity with." It will therefore be readily apparent that the point under consideration in the case now before the court was not even touched upon in the *Parsons* case, and that the decision in the latter in no manner conflicts with what is now ruled.

It may be that the exaction as to the lying-in expenses of the mother may have caused the demand of the magistrate to exceed the limits authorized by section 642, because that section makes no reference whatever to such expenses. We make no

distinct ruling upon this particular point, however, and merely remark that, for the sake of avoiding confusion hereafter, it would seem advisable for the General Assembly to take into consideration all the laws referring to bastardy, and, by appropriate legislation, so simplify the same as to render their meaning perfectly intelligible, and therefore capable of strict enforcement. *Judgment reversed. All the Justices concurring.*