## SULLIVAN *v.* THE STATE.

Under section 642 of the Penal Code, making it a misdemeanor for the father of a bastard child to refuse or fail to give security for the maintenance and education of such child, when required to do so in terms of the law, the father can not be legally convicted for refusing to give security for such purpose and also " for the expense of lying in with such child, boarding, nursing, and maintenance, while the mother is confined by reason thereof."

Argued January 20, — Decided February 3, 1902.

Certiorari. Before Judge Seabrook. Liberty superior court. November 19, 1901.

*Donald Fraser* and *B. A. Way*, for plaintiff in error.
*Livingston Kenan, solicitor-general*, contra.

FISH, J. R. L. Sullivan was convicted, in the county court, of being the father of a bastard child and refusing to give security for its maintenance, when required so to do in terms of the law. He carried the case by certiorari to the superior court, where a judgment was rendered overruling the same. To this judgment he excepted. It appeared on the trial in the county court, from the order passed by the magistrate before whom the accused had been brought upon the warrant sued out by the prosecutrix, that he was required to give security, in the sum of $750, not only for the education and maintenance of the child until it should arrive at the age of fourteen years, but also for the expense of lying-in with such child, boarding, nursing, and maintenance, while the mother was confined by reason thereof. It further appeared that the accused refused to give such security, and the State contended that this refusal was a violation of the statute. The accused requested the county judge, in writing, to charge the jury that if they believed from the evidence that the magistrate required him to give security for the maintenance and education of the child until it was fourteen years old, and also for the lying-in expenses of the mother, they should acquit him. The court refused this request. We think such refusal error. It is true that the Penal Code, § 1250, provides: "When the putative father is brought before the justice, he may be required to give security for the maintenance and education of the child until it arrives at the age of fourteen years, and also the expense of lying-in with such child, boarding, nursing, and maintenance, while the mother is confined by reason thereof; and if the putative father shall fail to give such security, the justice shall bind him over in a sufficient recognizance to appear before the next superior or county court of the county to answer such complaint as may then and there be alleged against him touching the premises, and the solicitor-general shall prefer and lay before the grand jury the proper indictment." But section 642 of the Penal Code, which defines the offense which the accused was charged to have committed, is not so broad as the section which we have just quoted, which defines the power and duty of the magistrate before whom the putative father of a bastard child is brought, under a proper warrant. Section 642 is as follows: "If a putative father of a bastard child shall refuse or fail to give security for the maintenance and education of such child, when required to do so

in terms of the law, he shall be guilty of a misdemeanor. . ."
The essential ingredients of the statutory offense which is here defined, as has been frequently held by this court, are, being the father of a bastard child, and refusing to give security for its maintenance and education when required so to do in terms of the law. The statute, being penal, must be strictly construed, and nothing should be added, by implication, to its explicit and unambiguous terms in defining the offense. The requirement of the magistrate as to the lying-in expenses of the mother clearly exceeded the limits authorized by the penal statute, and the accused could not be lawfully convicted for refusing to comply with such excessive demand. In *Johnson* v. *State*, 102 *Ga.* 613, which was an indictment for violating section 642 of the Penal Code, it appeared that the accused had refused to give "a $750.00 bond for education and maintenance of the child," without limit as to time; and it was held that he was not indictable, under such section, for refusing to give this bond, "for the reason that such a bond would bind the accused to educate and maintain the child for an indefinite period, and not merely until it arrived at the age of fourteen years." The magistrate in that case, as in the one which we have under consideration, required the accused to give security for lying-in expenses, and Presiding Justice Lumpkin, in delivering the opinion, said: "It may be that the exaction as to the lying-in expenses of the mother may have caused the demand of the magistrate to exceed the limits authorized by section 642, because that section makes no reference whatever to such expenses. We make no distinct ruling upon this particular point, however, and merely remark that, for the sake of avoiding confusion hereafter, it would seem advisable for the General Assembly to take into consideration all the laws referring to bastardy, and, by appropriate legislation, so simplify the same as to render their meaning perfectly intelligible, and therefore capable of strict enforcement." We respectfully reiterate this salutary suggestion. We do not deem it necessary to pass upon the other grounds of the certiorari, as the one which we have dealt with disposes of the case.

*Judgment reversed. All the Justices concurring.*