## MARTIN v. THE STATE.

1. When a bastardy proceeding is begun after the child is born and the mother is well, the father can be required to give a bond only for the maintenance and education of the child until it arrives at the age of fourteen years. If the proceeding is begun before the child is born, the bond must cover also the expenses of the lying in of the mother.
2. The evidence authorized the verdict, and no sufficient reason appears for a reversal of the judgment.

　　　　Argued November 19,—Decided December 11, 1906.

Accusation of bastardy. Before Judge Eve. City court of Richmond county. September 10, 1906.

The accused was arraigned upon an accusation charging him with the offense of bastardy, and was convicted. He filed a motion in arrest of judgment, and also a motion for a new trial, each of which was overruled; and he excepted. It appears from the record that he was arrested and brought before a justice of the peace, who, after hearing the evidence as to the paternity of the child, passed the following order: "Charles Martin having been arrested and brought before me upon a warrant pursuant to 1248 and 1249 of the Penal Code, issued at the instance of Essie Jacobs,

the mother of a certain bastard child, which warrant charges said
Charles Martin with being the father of said child: after hearing
the evidence, it is ordered that the said Charles Martin give security
for the maintenance and education of said child until it arrives
at the age of fourteen years." Upon refusal to give the bond re-
quired in the foregoing order the justice of the peace committed
the accused to jail in the event he failed to give a bond for his
appearance at the next term of the city court.

*N. M. Reynolds* and *Salem Dutcher,* for plaintiff in error.

*James C. C. Black, Jr., solicitor,* contra.

COBB, P. J. (After stating the foregoing facts.) 1. The mo-
tion in arrest of judgment was predicated upon the ground that the
accused was not called upon to give a bond in terms of the law; the
order calling upon the accused to give a bond providing for a bond
only for the maintenance and education of the child until it arrived
at the age of fourteen years, not including the expense of the lying
in of the mother. As the order of the justice of the peace calling
upon the accused to give the bond does not appear upon the face of
the accusation, of course the motion in arrest of judgment was prop-
erly overruled; but the accused can avail himself of the same point
on the motion for a new trial, for the reason that if he was not
called upon in terms of the law to give the bond, the verdict would
be contrary to the evidence. We will therefore deal with the ques-
tion as presented under the general grounds of the motion for a
new trial. It appeared from the evidence that the bastardy pro-
ceedings were begun after the child was born, and the mother was
well, and was in no further need of maintenance and nursing re-
sulting from the birth of the child. The whole purpose of the
bastardy law is to indemnify the county against any expense that
might be imposed upon it by having to take care of a pregnant
woman who is a pauper during the time that she lies in. If the
child is born and the mother has recovered, and no demand has
been made upon the county for such expenses, somebody, of course,
has discharged this expense, and the county would never be liable
for the same, either at the instance of the mother or at the instance
of the person who paid such expenses. But even after the child
has been born and the county has not been charged with any ex-
pense resulting from the lying in of the mother, there is a liability
that the child may thereafter become a charge upon the county,

and the father must give a bond to indemnify the county against this possible charge. If the bastardy proceeding is begun by a pregnant woman before the child is delivered, the bond required by the terms of the law is a bond for the lying-in expenses and the maintenance and education of the child until it arrives at the age of fourteen years. If the child has been born and the mother has recovered before the bastardy proceedings are instituted, the bond required by the terms of the law is simply a bond to indemnify the county against a possible charge for the maintenance and education of the child until it arrives at the age of fourteen years. Under the facts in this case the accused was called upon to give the only bond that he could have been lawfully required to give, and the judgment will not be reversed on account of the justice of the peace not having incorporated in the demand for the bond indemnity for the expenses of the lying in. Penal Code, § 1248, et seq.; Acts 1902, p. 57.

2. One ground of the motion for a new trial is based upon alleged newly discovered evidence. All the evidence relied upon in this ground tends simply to impeach the testimony of the prosecutrix, and, under the repeated rulings of this court, the discretion of the judge, exercised in overruling the motion on this ground, will not be interfered with. The evidence authorized the verdict, and no sufficient reason has been shown for a reversal of judgment.

*Judgment affirmed. All the Justices concur.*