*Zach Childers, solicitor,* contra.

---

### 892.  CHILDERS *v.* THE STATE.

1. A magistrate, upon a bastardy inquest, need not, in requiring security of the putative father, fix a penal sum in which the bond is to be given.
2. A proceeding to require security of the putative father of a bastard may be taken before a commissioned notary public, he being ex officio a justice of the peace.

Accusation of bastardy, from city court of Newnan—Judge Freeman. November 27, 1907.

Submitted January 13,—Decided January 27, 1908.

*W. A. Post, W. L. Stallings,* for plaintiff in error.

*W. G. Post, solicitor, W. C. Wright,* contra.

POWELL, J. Childers, charged as the father of a bastard child with which Barilla Echols was pregnant, was brought before a notary public and ex-officio justice of the peace. After a hearing the magistrate passed the following order: "W. M. Childers, of said county, having been arrested and brought before me upon a warrant pursuant to sections 1248 and 1249 of the Penal Code, issued at the instance of Brillie Echols, the mother of a certain bastard child yet unborn, which warrant charges said W. M. Childers with being the father of said child, after hearing evidence it is ordered that the said W. M. Childers give security for the maintenance and education of said child until it arrives at the age of 14 years, and for the expense of lying in with said child, boarding, nursing, and maintenance while the mother is confined by reason thereof." He refused to give the security, and the magistrate passed a further order binding him over to the superior court. He was there indicted, the offense as charged in the indictment being that he "then and there, being the father of a bastard child of Barilla Echols, and being required by A. H. Bohannon, notary public and ex-officio justice of the peace in and for said county, to give security for the maintenance and education of said child in terms of the law, did then and there refuse and fail to give security so required." The defendant filed demurrer on the follow-

ing grounds: "1. Because the indictment does not charge the defendant W. M. Childers with any offense or crime under the laws of the State of Georgia. 2. Because the charge against said defendant is incomplete, for that the said indictment fails to charge that said W. M. Childers failed and refused to give security for the expense of lying in with such child, boarding, nursing, and maintenance while the mother is confined by reason thereof, in the sum of $750.00. 3. Because the bond required of defendant by the notary public and ex-officio justice of the peace, A. H. Bohannon, is not for the sum of $750.00 or any other sum, as required by the statute of said State. 4. Defendant demurs specifically, because said indictment should allege, but fails to allege, that the defendant W. M. Childers fails and refuses to give security for the "expense of lying in with such child, boarding, maintaining, and nursing while the mother is confined by reason thereof, in the sum of $750.00." The demurrer was overruled, and exceptions were duly taken and preserved. At the trial the defendant was convicted. Upon the overruling of his motion for a new trial he brings error.

1. There is no statute fixing the penal sum of the bond to be required of the putative father at $750. See Penal Code, §1250; Acts 1892, p. 57. In case the mother fails to disclose the father, the bond she must give is fixed in that sum. In actual practice magistrates frequently name $750 as the penal sum in proceedings against the putative father; and a bond with the penalty so fixed is not illegal. *Johnson* v. *State*, 102 *Ga.* 613 (29 S. E. 916). However, a penalty is not essential to a bond, and a requirement that a defendant shall give bond generally in terms of the statute is legal. *Martin* v. *State*, 127 *Ga.* 39 (56 S. E. 79).

2. Inquests of bastardy may be taken before any justice of the peace to whom information is made according to the terms of the Penal Code. A commissioned notary public is ex-officio a justice of the peace. He may therefore conduct the proceedings and require the statutory bond. *Lynes* v. *State*, 46 *Ga.* 209; Constitution of Georgia, art. 1, sec. 8; Civil Code, §§5858, 4052. This provision was not in force at the time *Shiver* v. *State*, 23 *Ga.* 234, was decided.

We think the indictment was also otherwise sufficient under the decisions in *Martin* v. *State*, supra; *Johnson* v. *State*, supra, and

cases therein cited. The court did not err in refusing a new trial.

*Judgment affirmed.*