## 2915.  SWINT *v.* THE STATE.

1. The fact that the magistrate upon a bastardy inquest limits the penalty of the bond to the sum of $750 does not render the judgment requiring the bond illegal.
2. Where, in a prosecution against the putative father of a bastard child for failure to give bond as required in terms of the law, there is before the court proper evidence of a regular inquest and judgment of a magistrate requiring the giving of the bond, and the proceedings appear to be regular on their face, and their regularity is in no wise impeached, the judge may inform the jury that the defendant has been required to give bond in terms of the law.

DECIDED FEBRUARY 7, 1911.

Indictment for misdemeanor; from Glascock superior court— Judge Hammond presiding. July 20, 1910.

*R. N. Hardeman,* for plaintiff in error.

*Thomas J. Brown,* solicitor-general, *B. F. Walker,* contra.

POWELL, J. 1. The prosecution was instituted on account of the failure of the accused to give the bond required of him for the support of a bastard child, alleged to be his. The judgment of the magistrate upon the preliminary bastardy inquest followed the terms of the statute, except it was specified that the defendant should give security in the sum of $750. Counsel for the plaintiff in error makes the point that the judgment of the magistrate was invalid because it specified $750 as the penal sum of the bond. As this court pointed out in *Childers* v. *State,* 3 *Ga. App.* 449 (60 S. E. 128), the statute does not fix the penal sum of the bond to be required of the putative father in such cases, and the requirement of a bond without specification as to penalty would be valid; but, as was further said in that case, "In actual practice magistrates frequently name $750 as the penal sum in proceedings against the

putative father; and a bond with the penalty so fixed is not illegal." Manifestly this should be so, for the specifying of a penal sum is a limitation favorable to the putative father. The only recovery that could be had upon the bond in any event, would be for the actual sum necessary to support the child and to pay the expenses attendant upon the accouchement. If the bond were unlimited, the principal and sureties thereon would be bound to pay all these expenses, no matter how great they might be. No greater liability attaches on a bond specifying a penal sum of $750; and on the other hand, there is a limit, for in no event can the recovery on a bond exceed the penal sum named.

2. The proceedings had before the magistrate, and his judgment, being regularly before the court, the judge charged the jury that the accused had been required to give bond in terms of the law. We find no error in this. It was the duty of the judge to construe the judgment of the magistrate and to decide as to the legality of the proceedings. Where a paper is before the court and its construction is a matter of law, it is proper that the judge should state to the jury the legal effect of the writing.      *Judgment affirmed.*