4230. WESTERN UNION TELEGRAPH COMPANY *v.* CARTER.

1. Under the statutes of this State, a justice's court and the court of a commissioned notary public, ex-officio justice of the peace, are identical, having the same jurisdiction, powers, proceedings, and practice.
2. Where a suit is pending, or judgment has been obtained, in either a justice's court or the court of a notary public, ex-officio justice of the peace, and, in compliance with the requirements of section 4754 of the Civil Code (1910), garnishment based thereon is sued out and served on a person residing in a militia district of the same county, different from the militia district in which the suit is pending or the judgment was obtained, the garnishment may be returned to and tried in either the justice's court or the court of a notary public, ex-officio justice of the peace, of the district in which the garnishee resides.
DECIDED SEPTEMBER 24, 1912.

Certiorari; from Fulton superior court—Judge Bell. April 17, 1912.

*J. D. Greene,* for plaintiff in error.

HILL, C. J. The only point at issue in this case was as to the construction of section 4754 of the Civil Code (1910), the plaintiff contending that a garnishment based upon a judgment obtained in the court of a notary public and ex-officio justice of the peace could be sued out in, returned to, and tried in the court of the *justice of the peace* of a different militia district of the same county, in which district the garnishee resided; the garnishee contending that the garnishment should have been returned to and tried in the court of a notary public and ex-officio justice of the peace, and not the court of a justice of the peace. The judge of the superior court held in favor of the garnishee's contention; the plaintiff's petition for certiorari being overruled and final judgment rendered in favor of the garnishee.

The code section referred to provides, that "When any person or persons, sought to be garnished, reside in a militia district in the same county, different from the militia district in which suit is pending or judgment was obtained," garnishment may be sued out "in the militia district where the person or persons sought to be garnished reside, . . requiring such person or persons to appear at the next notary public's or justice's court of the district of the garnishee's residence, according as such suit was pending, or judgment was obtained, in the notary public's or justice's court, then and there . . to depose and answer," etc.

We think that, under the statutes of this State, a court of a justice of the peace and that of a notary public, ex-officio justice of the peace, are identical and of the same grade and class, having the same jurisdiction, powers, proceedings, and practice. The only difference is that a justice of the peace is elected by the people of the district, and a notary public, ex-officio justice of the peace, is appointed by the judge of the superior court upon the recommendation of the grand jury. Justices of the peace and notaries public, ex-officio justices of the peace, are commissioned by the Governor for a term of four years, and the statute expressly declares that commissioned notaries public, appointed by the judge of the superior court upon recommendation of the grand jury, shall be ex-officio justices of the peace, and shall be removed from office for malpractice in office. In *Childers* v. *State, 3 Ga. App.* 449 (60 S. E. 128), it is said by this court that "a commissioned notary public is ex-officio a justice of the peace;" and this is the declaration of the statute. In *Pool* v. *Perdue, 44 Ga.* 454, the Supreme Court holds that under the constitution of 1868 (and as to this the constitution of 1877 makes no change), a commissioned notary public is a justice of the peace of the district in which he is appointed, with all the powers and functions of such office. *Lynes* v. *State, 46 Ga.* 208; *Ormond* v. *Ball, 120 Ga.* 919 (48 S. E. 383). The constitution of this State also provides that "The jurisdiction, powers, proceedings, and practice of all courts or officers invested with judicial power (except city courts), of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment, and decree by such courts, severally, shall be uniform. This uniformity must be established by the General Assembly." Civil Code (1910), § 6527.

And section 4722 of the Civil Code (1910), provides that "the proceedings of the justices' courts shall be uniform throughout the State."

The confusion on the point arises out of the following language of section 4754 of the Civil Code (1910) : "requiring such person or persons to appear at the next notary public's or justice's court of the district of the garnishee's residence, *according as such suit was pending, or judgment was obtained, in the notary public's or justice's court.*" We do not think that the language emphasized means that if the suit was pending, or the judgment obtained, in a notary public's court, only a notary public's court could be resorted to in trying the garnishment, or that if the suit was pending, or the judgment was obtained, in the court of a justice of the peace, the garnishment must be returned to and tried in the court of a justice of the peace. Such an interpretation would necessarily create a difference between the powers and jurisdiction of these two classes of courts, in direct violation of the provision of the constitution above cited (Civil Code, § 6527), and would make this part of § 4754 unconstitutional. We are clear that the only reasonable construction of this section, notwithstanding the apparent confusion in its language, is that when suit is pending, or when judgment has been obtained, in either a justice's court or a notary public's court of one militia district, and garnishment based thereon is sued out and served on a person residing in another district of the same county, in compliance with the provisions of § 4754, the garnishment may be returned to and tried in either the justice's court or a notary public's court of the district in which the garnishee resides. *Judgment reversed.*