## 5201.  WILLIAMS *v.* THE STATE.

Construing the evidence most strongly against the accused, a bare sus-
picion of his guilt may arise therefrom. Suspicion is not evidence, and
a verdict based alone on suspicion is unauthorized by law.

DECIDED OCTOBER 28, 1913.

Accusation of sale of liquor; from city court of Hall county—
Judge Irwin presiding.  August 20, 1913.

*W. B. Sloan,* for plaintiff in error.  *A. C. Wheeler, solicitor,*
contra.

HILL, C. J.  Williams was convicted of selling intoxicating
liquors, and he excepts to the judgment overruling his motion for
a new trial.  No assignment of error of law is made, and the com-
plaint is that the verdict is without evidence to support it.  The
evidence is very plain, and in substance is as follows:  One witness
testified, that he went to a house, where he found three men; that
the accused was standing in the door; that he got a pint of whisky
in the house; he did not get it or buy it from the accused, and
said nothing to him about it; that he went in and got the whisky
off the bed, and threw seventy-five cents down on the bed; that he
did not pay the accused for the whisky, and does not know who got
paid for it.  A policeman testified, that he saw this witness come
from the house, and that he caught him and searched him and
found a pint of whisky on him; that the defendant lived in the
house, and that upon finding the whisky on the person of this
witness he immediately went into the house and found no one
there but defendant, who was lying across the bed.  There was no
other evidence, and the accused made no statement to the jury.

In our opinion, the evidence is not sufficient to warrant a verdict
of guilty.  While the first witness for the State, according to his
evidence, did not remember from which of the three men he bought
the whisky, he did testify affirmatively that he did not buy it from
the accused.  The facts that the officer found the accused lying on
the bed, and that the accused lived in the house from which the
whisky was obtained, may be suspicious circumstances against the
accused, but suspicion is not evidence.  It is clear that the whisky
might have been obtained from one of the other men present, who
might also have lived in the same house with the accused.  Con-
struing the evidence most strongly against the accused, it fails to

show his guilt to a moral and reasonable certainty and beyond a reasonable doubt; and, therefore, the conviction was unauthorized by law.                                                *Judgment reversed.*