20829. CAUSEY *v.* THE STATE.

DECIDED DECEMBER 18, 1930. REHEARING DENIED JANUARY 14, 1931.

*J. B. Moore,* for plaintiff in error.
*W. B. Gibbs, solicitor-general,* contra.

LUKE, J. Homer Causey was convicted under an indictment charging that on May 4, 1929, he, "being the father of a bastard child born to Erma Yawn, the prosecutrix," did refuse "to give bond in terms of the law . . for the support, maintenance, and education of said child until it arrives at the age of fourteen years." The exception here is to the judgment overruling his motion for a new trial.

Two questions arise in the trial of a bastardy case—first, whether the accused is the father of the child, and, second, whether he failed and refused to comply with a valid order requiring him to give security in terms of the law. *Tolbert* v. *State*, 12 *Ga. App.* 685 .(3) (78 S. E. 134). In the case at bar there was ample evidence to sustain the jury's finding that the accused was the father of the child, but the defendant insists that, under the evidence, the order of the justice of the peace calling upon him to give bond was illegal, because it only required him to give security "for the maintenance and education of the child," and omitted the further requirement that the bond cover the lying-in expenses of the mother. In his brief, counsel for the plaintiff in error plants his case squarely upon the second sentence of the first headnote of *Martin* v. *State*, 127 *Ga.* 39 (56 S. E. 79), which reads: "If the proceeding is begun before the child is born, the bond must cover also the expenses of the lying-in of the mother."

The affidavit on which the bastardy warrant in the instant case was based was made on March 13, 1929, and the warrant was issued on the same day. Five days later the child was born. On May 4, 1929, the justice of the peace who issued the warrant adjudged that the defendant "give bond as required by law in the sum of $750 for the maintenance and education of the child in question until it arrives at the age of fourteen years." There was an entry on the warrant that the defendant "refused to give the bastardy bond required." The record is silent as to the lying-in expenses of the mother and her condition. She merely testified that she had no property and nothing with which to support and educate the child.

The Penal Code (1910), § 1332, provides as follows: "When the putative father is brought before the justice, he may be required to give security for the maintenance and education of the child until it arrives at the age of fourteen years, and also the expense of lying-in with such child, boarding, nursing, and maintenance, while the mother is confined by reason thereof; and if the putative father shall fail to give such security, the justice shall bind him over in a sufficient recognizance to appear before the next superior or county court of the county to answer such complaint as may then and there be alleged against him touching the premises, and the solicitor-general shall prefer and lay before the grand jury the proper indictment." Section 682 of the Penal Code (1910) reads

in part as follows: "If a putative father of a bastard child shall refuse or fail to give security for the maintenance and education of such child, and also the expense of lying-in with such child, boarding, nursing, and maintenance while the mother is confined by reason thereof, when required to do so in terms of the law, he shall be guilty of a misdemeanor."

The statute under consideration is penal and must be strictly construed, and it has been adjudicated many times that a defendant can not be lawfully required to give a bond binding him to do more than the statute requires. See *Johnson* v. *State,* 102 *Ga.* 613 (29 S. E. 916); *Sullivan* v. *State,* 114 *Ga.* 520 (40 S. E. 704). In the *Martin* case, supra, "the bastardy proceedings were begun after the child was born, and the mother was well, and was in no further need of maintenance and nursing resulting from the birth of the child," and the contention was that the accused was not called upon to give a bond "in terms of the law," because the justice of the peace required that the defendant give security "only for the maintenance and education of the child until it arrived at the age of fourteen years," without also requiring that the bond be conditioned to pay the expenses of the lying-in of the mother. The Supreme Court held that "the accused was called upon to give the only bond that he could have been lawfully required to give." We quote further from that case: "The whole purpose of the bastardy law is to indemnify the county against any expense that might be imposed upon it by having to take care of a pregnant woman who is a pauper during the time that she lies in. If the child is born and the mother has recovered, and no demand has been made upon the county for such expenses, somebody, of course, has discharged this expense, and the county would never be liable for the same, either at the instance of the mother or at the instance of the person who paid such expenses." The first headnote in the *Martin* case, supra, is as follows: "When a bastardy proceeding is begun after the child is born and the mother is well, the father can be required to give a bond only for the maintenance and education of the child until it arrives at the age of fourteen years. If the proceeding is begun before the child is born, the bond must cover also the expenses of the lying-in of the mother." To our minds, the first sentence of that headnote covers the only question raised by the record in that case, and the pronouncement in the second

sentence thereof was not essential to the decision of the case. In the case of *Thomason* v. *State,* 18 *Ga. App.* 331 (89 S. E. 436), "the evidence was undisputed that the child was born before the bastardy proceedings were instituted, but there was an issue of fact as to whether the mother had then recovered," but "the evidence authorized a finding that she had not recovered." This court held: "Accordingly, the bond required of the accused by the justice of the peace in this case was not an illegal bond because it covered the lying-in expenses of the mother."

In our opinion, it is not the law that the mere fact that the affidavit upon which the bastardy warrant issued, and the warrant itself, antedated the birth of the child by five days demanded a bond covering the lying-in expenses of the mother. We think that the determining factor in this regard is whether or not the county would be called upon to pay such expenses, and not whether or not the child was born just before or just after the warrant was sworn out. This conclusion is, we believe, sustained by the reasoning in the *Martin* case and the holding in the *Thomason* case.

Although in the case at bar the warrant was dated five days before the child was born, the hearing before the justice of the peace did not occur until more than six weeks after the child was born. The order requiring the bond to be given recites that it was made "after hearing the evidence." What evidence was adduced before the justice of the peace we have no way of knowing. We do know, however, that the bond required of the defendant was prima facie legal, and there is no evidence in the record to show to the contrary. In these circumstances, how can this court say that the bond required was not a proper and legal one? Another consideration occurs to us. What right has plaintiff in error to complain, that the justice of the peace did not impose upon him the additional burden of being responsible for the lying-in expenses of the mother? We do not agree with counsel's contention that "the allegata and probata do not correspond," and we are satisfied that the trial judge did not err in overruling the general grounds of the motion for a new trial.

The first special ground of the motion for a new trial complains that the court erred in allowing in evidence the bastardy warrant, with the order thereon, over the objection that the order was not in conformity with the law, because it failed to require a bond for

the lying-in expenses of the mother. The only other special ground complains that the court refused to give to the jury a requested charge containing this language: "If you find that the prosecution was begun before the birth of the child, then I charge you that the only legal bond that would or could be required of him (defendant) on said trial was a bond for the support, maintenance, and education, and the lying-in expenses of the mother at the time of the birth of the child." The question presented by each of these grounds has already been discussed at some length. We hold that neither of them is meritorious.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*