## BOWEN *v.* THE STATE.

No. 10617. MARCH 16, 1935.

*Brown & Brown,* for plaintiff in error.

*Frank B. Willingham, solicitor-general,* contra.

BELL, Justice. The Court of Appeals certified the following question: "A bastardy warrant was sworn out against the defendant as the putative father some few weeks prior to the birth of an expected child. On account of his flight, the sheriff was unable to apprehend him, and the hearing on the warrant before the justice of the peace did not take place until after the birth of the child. At the hearing before the justice of the peace the evidence did not disclose that the mother had fully recovered from her illness incident to childbirth or that the expenses of her confinement had been paid. However, it was shown on the trial in the superior court that at the time of the hearing before the justice, the mother had fully recovered, and such expenses had been paid by her relatives. Under such circumstances, was the refusal by the defendant at the time of the hearing before the justice of the peace to give a bond providing for the support and maintenance of the child until the age of 14 years, *and also the expense of lying in and confinement of the mother,* a valid basis for a conviction of the defendant under section 682 of the Penal Code? See, in this connection, *Thomason* v. *State,* 18 *Ga. App.* 331; *Martin* v. *State,* 127 *Ga.* 39 [56 S. E. 79]; *Causey* v. *State,* 42 *Ga. App.* 427-30 [156 S. E. 630]; People *v.* Mitchell, 4 Sanf. (6 N. Y. Super.) 466; 5 Cyc. 748, §§ 3, 4."

"Any justice who knows, of his own knowledge, or has information on oath to that effect, of any woman having a bastard child, or being pregnant with one, which it is probable will become charge-

able to the county, may issue a warrant directed to the sheriff or any constable of the county where the case may arise, requiring the offender to be brought before him to give security to the ordinary of the county, in the sum of seven hundred and fifty dollars, for the support and education of the child until it arrives at the age of fourteen years, or to discover on oath the father of the child." Penal Code of 1910, § 1330 (Code of 1933, § 74-301). "When the putative father is brought before the justice, he may be required to give security for the maintenance and education of the child until it arrives at the age of fourteen years, and also the expense of lying-in with such child, boarding, nursing, and maintenance, while the mother is confined by reason thereof; and if the putative father shall fail to give such security, the justice shall bind him over in a sufficient recognizance to appear before the next superior or county court of the county to answer such complaint as may then and there be alleged against him touching the premises, and the solicitor-general shall prefer and lay before the grand jury the proper indictment." § 1332 (1933, § 74-303). "If a putative father of a bastard child shall refuse or fail to give security for the maintenance and education of such child, and also the expense of lying-in with such child, boarding, nursing, and maintenance while the mother is confined by reason thereof, when required to do so in terms of the law, he shall be guilty of a misdemeanor. If fined, the fine shall be paid over to the ordinary of the county, to be by him improved and applied from time to time, as occasion may require, for the maintenance of such child, and for the payment of the expense of lying-in with such child, boarding, nursing, and maintenance while the mother is confined by reason thereof, and shall not be retained by the officers of court for the purpose of paying insolvent costs due them, or for any other purpose." § 682 (1933, § 74-9901).

In *Martin* v. *State,* supra, it was said: "The whole purpose of the bastardy law is to indemnify the county against any expense that might be imposed upon it by having to take care of a pregnant woman who is a pauper during the time that she lies in. If the child is born and the mother has recovered, and no demand has been made upon the county for such expenses, somebody, of course, has discharged this expense, and the county would never be liable for the same, either at the instance of the mother or at the instance

of the person who paid such expenses. But even after the child has been born and the county has not been charged with any expense resulting from the lying-in of the mother, there is a liability that the child may thereafter become a charge upon the county, and the father must give a bond to indemnify the county against this possible charge. If the bastardy proceeding is begun by a pregnant woman before the child is delivered, the bond required by the terms of the law is a bond for the lying-in expenses and the maintenance and education of the child until it arrives at the age of fourteen years. If the child has been born and the mother has recovered before the bastardy proceedings are instituted, the bond required by the terms of the law is simply a bond to indemnify the county against a possible charge for the maintenance and education of the child until it arrives at the age of fourteen years."

In a prosecution for a refusal of the putative father to comply with an order of the magistrate as to giving bond, the question as to whether a proper bond was required by that officer may involve an examination of the facts as developed before the magistrate in the bastardy proceeding heard by him. If the evidence as there introduced showed that birth had taken place, but it did not appear that the mother had fully recovered from her illness incident to childbirth, or that the expenses incurred by her confinement had been paid, the magistrate was authorized to require a bond which would include security for the expenses of the mother's confinement. The general provision of the Code is that the father shall give bond for the maintenance and education of the child until it shall arrive at the age of 14 years and also for the expenses of lying-in, and if the defendant desires a reduction of this burden, the onus is cast upon him to show by evidence that the whole provision of the law as to bond is not applicable to him. In other words, relief from the expenses of the mother's confinement is an exception to the general rule as stated in the Code, and the defendant in a bastardy proceeding should have the burden of proof as to such exception. *Blocker* v. *State,* 12 *Ga. App.* 81, 83 (76 S. E. 784), and cit. If it appears before the magistrate that birth has taken place, but not that the mother has recovered or that the county would not be liable, the magistrate would be authorized to follow the Code by requiring a bond for the expenses of the mother's confinement as well as for maintenance and education. In *Kennedy*

v. *State*, 9 *Ga. App.* 219 (3) (70 S. E. 986), the Court of Appeals, through Judge Russell, said: "The third ground of the amended motion presents the contention that the verdict of guilty is without sufficient evidence to support it, in that there was no evidence that the bastard child would probably become chargeable to the county of Tattnall. It is true that there was no oral evidence upon this subject in the trial which is now under review. It was not necessary for the State to show that the bastard child was likely to become chargeable to the county. That issue was concluded by the judgment of the justice of the peace." See also *McCombs* v. *State*, 66 *Ga.* 580 (3).

The question propounded by the Court of Appeals is therefore answered in the affirmative. This ruling is in accord with the decision in *Martin* v. *State*, supra, and the other authorities cited by the Court of Appeals.            *All the Justices concur.*