25234. BAILEY *v.* THE STATE.

DECIDED DECEMBER 19, 1935.

*Fleming & Fleming,* for plaintiff in error.

*W. Inman Curry, solicitor, Hammond, Kennedy & Kennedy,* contra.

MACINTYRE, J.  Robert Bailey was indicted for bastardy. The indictment charged as follows: "For that the said Robert Bailey in the county aforesaid on the 7th day of January Nineteen Hundred and Thirty-Five with force and arms being the father of a bastard child born to Gussie Wright, and upon a lawful warrant issued by B. K. Armstrong, acting under and by virtue of the authority vested in her as deputy clerk of the Municipal Court of the City of Augusta in and for the County of Richmond, charging him, the said accused, with the offense of bastardy, and, upon the trial of said warrant before the Judge of said Municipal Court of the City of Augusta, having been required to give a bond in terms of law, with good and sufficient security, for the support, maintenance, and education of said child until it arrives at the age of fourteen years, did unlawfully fail and refuse so to do." The defendant demurred to the indictment on the following grounds: "1. It does not charge positively that the defendant is the father of the bastard child, but merely contains the recital of his being the father. 2. It fails to set out by whom the affidavit for the warrant in the original proceeding was made. 3. It

fails to give the date, or approximate date of the conception of the alleged bastard." Unquestionably, the 1st and 3rd counts of the demurrer were properly overruled on the authority of *McCalman* v. *State*, supra.

The defendant contends the 2nd ground should be sustained because the indictment fails to state that the affidavit was made by the mother and "if the existence of an affidavit by the mother is an essential element of bastardy proceedings, then it must follow that an indictment containing no allegation of the existence of such affidavit is fatally defective. Whatever is essential to the crime is essential to the indictment." The defendant calls attention to *Craft* v. *State*, 21 *Ga. App.* 258 (94 S. E. 281), and cit. In an indictment "there is a distinction between the allegations of fact constituting the offense, and those which must be averred by way of inducement. In the former case, the circumstances must be set out with particularity; and in the latter, a more general allegation is allowed. An 'inducement to an offense does not require so much certainty.' Com. Dig. Indictment (G 5)." See also Bouvier's Law Dictionary (Rawle's 3d. ed.), Vol. 2, p. 1551. In the indictment for bastardy the gist of the offense is the refusal of the father of the bastard child to give bond when called upon in terms of the law so to do. *Walker* v. *State*, 5 *Ga.* 491, 494; *Grogan* v. *State*, 58 *Ga.* 196, 198; *Kennedy* v. *State*, 9 *Ga. App.* 291 (3) (70 S. E. 986). The offense for which the defendant is indicted is the refusal to give the bond. The allegation in the indictment that "upon a lawful warrant issued" was an introductory fact alleged only to show that the alleged officer had jurisdiction to require the giving of the bond; and the order to give the bond was therefore obligatory and this fact fell within the description of inducement. "Unless indeed some general allegations were allowed, embracing both fact and law in such cases, it would tend greatly to the prolixity of indictments and pleadings." Regina *v.* Bidwell, 1 Den. Cr. Cas. 222 (English Reports Full Reprint, Vol. 169, p. 223). The averment that "a lawful warrant issued" was sufficient without further alleging that the affidavit on which the warrant issued was made by the mother. *Chunn* v. *State*, 125 *Ga.* 789, 791 (54 S. E. 751).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*