25446. CAWTHORN *v.* THE STATE.

DECIDED MAY 19, 1936.

G. L. *Worthy,* S. P. *Cain,* for plaintiff in error.
*Robert* B. *Short, solicitor-general,* contra.

GUERRY, J. Where a child has been born, and the unmarried mother has fully recovered from her confinement before the trial of the putative father in the bastardy proceedings before a justice of the peace, "the bond required by the terms of the law is simply a bond to indemnify the county against a possible charge for the maintenance and education of the child until it arrives at the age of fourteen years." *Thomason* v. *State,* 18 *Ga. App.* 331 (89 S. E. 436), and cit. Where the mother is not fully recovered from her illness incident to childbirth, the bond required by law is one for the maintenance and education of the child until it arrives at the age of fourteen years and for the lying-in expenses of the mother; and if the father desires to be relieved from giving security for the lying-in expenses, the burden is on him to show by evidence on the hearing before the justice that the mother has fully recovered from her illness incident to childbirth or that her lying-in expenses have been paid. *Bowen* v. *State,* 180 *Ga.* 497 (179 S. E. 352). The order of the justice of the peace was as follows: "He is ordered to give bond required by law for the support of the child and to pay the expenses of the mother in confinement and her doctor's bill." Complaint is made that this required an illegal bond, in that the doctor's bill is not a part of the lying-in expenses. The Code section provides that the "expense

of lying-in with such child, boarding, nursing and maintenance, while the mother is confined by reason thereof," shall be covered by the bond to be given by the putative father. Lying-in is defined by Webster as "The state attaching and consequent to childbirth. Confinement: also act of bearing child." The attendance of a doctor or at least a midwife on such an occasion would seem to be a most necessary and fundamental expense of lying-in. The boarding, nursing, and maintenance until the mother has recovered from her confinement are specially named in the section, for the reason that it might be argued with some force that these were not proper charges. The necessity for the presence of a doctor at the time of the actual delivery of the child is one of the first expenses to be considered and its inclusion in the bond was mere surplusage. The bond required of the defendant was a legal one, and for a refusal to give it he was in violation of the statute. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*