### 29188. LUKE *v.* THE STATE.

DECIDED FEBRUARY 5, 1942.

*Leon Hood,* for plaintiff in error. *Earl Staples, solicitor,* contra.

MacIntyre, J. The defendant was charged with the offense of misdemeanor, in that he, with force and arms on March 15, 1940, unlawfully "upon the body of one Mattie Lee Smith did wilfully beget a bastard child. She the said Mattie Lee Smith being then an unmarried woman and the said bastard child as begotten by said Julus Luke was born on December 16, 1940, and has become a county charge, and he the said Julus Luke after a bastardy hearing before the Hon. J. W. Stallings, justice of the peace of the 714th Dist. G. M. of Carroll County, Georgia, being committed upon the said bastardy warrant by said judge, did refuse to provide for the maintenance of said child or to give bond for same and elected to give bond to the June term of this court. Contrary to the laws of

said State, the good order, peace and dignity thereof." The demurrer to the indictment alleged that it is insufficient to charge bastardy in law because it "fails to set out or allege that this defendant has ever been required to give bond for the support and maintenance of the said bastard child by any justice of the peace as required by law, and hence no legal charge of the violation of any criminal law is contained in said accusation and should be quashed." The demurrer was overruled. The defendant excepted.

The essential elements of the statutory offense here charged (Code, § 74-9901) are: being the father of a bastard child, and refusing to give security for its maintenance and education and the lying in of the mother when required so to do in terms of the law. *Sullivan* v. *State,* 114 *Ga.* 520 (40 S. E. 704); *Kennedy* v. *State,* 9 *Ga. App.* 219 (70 S. E. 986); *Bailey* v. *State,* 52 *Ga. App.* 302 (182 S. E. 924). The indictment having alleged that the defendant is the father of the bastard child, and that he refused to give bond in terms of the law (*Kennedy* v. *State,* supra), the judge properly overruled the general demurrer.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*