37350.   PETERS *v*. THE STATE.

DECIDED OCTOBER 16, 1958.

*Wm. L. Preston,* for plaintiff in error.

*D. M. Pollock, Solicitor-General, Jere Field,* contra.

GARDNER, Presiding Judge. ■ The evidence is sufficient to sustain the verdict as to the general grounds.

■ Special ground 1 assigns error because it is alleged that the court erred in failing to charge the principle of law pertaining to circumstantial evidence in that the entire testimony fails to show that the prosecutrix was not married at the time the child was conceived. Counsel for the defendant contends that there is no positive testimony that the prosecutrix was not married. It is true that the law presumes legitimacy. See Code § 74-101. It is also true that a child is presumed to be the child of the husband of a married woman. See *Mims* v. *State,* 43 *Ga. App.* 100 (157 S. E. 901). There are many other decisions to the same effect. In regard to whether or not there was any evidence that the prosecutrix was unmarried, a witness for the State testified, as appears in the approved brief of evidence, as follows: "My name is M. W. Bolton and I am N.P. and Ex-Off. J. P. of 419th District here in Monroe. I have held that position for about three and one-half years.

*"Betty Louise Batchelor came to me for a bastardy warrant and I issued a warrant. They appeared at a hearing on the warrant. That is the bastardy warrant I wrote. That is his signature there.* [Italics ours.]

"After the hearing, after the testimony, I required him to make a $500 bond for appearance to the superior court. I required him to make the bond. That is the statutory bond for the support of the child. I don't think he failed to make the bond. There was a bond made. That bond I look at is the appearance bond to the superior court. I required him to make a bond for the support of the child. According to this, he did make that bond for the support of the child. This bond is the bond for appearance before the grand jury of Walton County to be held on the third Monday in February, 1958. That is not the bond for supporting the child. I don't remember about him making a bond for the support of the child. If he had made it I wouldn't have bound him over, but I bound him over, so he must not have made it. I bound him over because he didn't make the bond. That was my judgment because he wouldn't make the bond.

"This is filled out completely except that part down there; I just failed to make that out. I required him to make a bond

to the grand jury for $500. That is the bond he made to the grand jury. That was under this order requiring him to make the bond. He did not make the statutory bond to the ordinary of $750 or the $500 bond I required."

At this time the warrant, order of court, and appearance bond were admitted in evidence. Then on cross-examination the witness continued: "At the hearing I required Bobby Joe to give a bond. He didn't want the hearing; he wanted to waive the hearing so then I set him under a bond to appear before the grand jury because he waived the hearing at the committal trial downstairs in the J. P.'s office.

"You were there representing Bobby Joe and Mr. Field was there representing Miss Betty as well as I remember. Bobby Joe was there. As for me ordering him to be put under a $500 bond for the superior court, as well as I remember, you said you would waive trial and let him give bond to the grand jury. That is what I did; I let him waive the hearing and set him bond for appearance before the grand jury. As to giving you an opportunity or offer to let you make a bond for the support of the child, there was nothing said about that. All I remember that was said about it was you just waived the hearing and I set this bond then for $500 for appearance before the grand jury on the next court. I think that was all that was discussed. As to calling on you to make any bond to support this child, I don't remember anything said about that. If anything was said about it I don't remember it; I don't much think there was."

Then on redirect examination the witness testified: "There wasn't any bond given. That is right. He failed to give bond for the support of that child; it wasn't given. I then bound him over to the superior court."

The warrant was set out in the record. In this warrant the witness Bolton, Notary Public and ex-officio J. P. signed an affidavit regarding the prosecutrix as follows: "Betty Louise Batchelor, an unmarried woman, having made oath before me that she is pregnant with a bastard child, which it is probable will become chargeable to said county, and that Bobby Joe Peters is father of said child." The evidence we have set out under this special ground is direct evidence that the prosecutrix

was unmarried. There was no objection made to the introduction of the bastardy warrant at the time of the trial. This evidence, to our minds, is in no wise circumstantial evidence on the point involved. Our appellate courts have many times held that where there is any direct evidence and even if circumstantial evidence is also involved it is not error to fail to charge the law of circumstantial evidence, without a written request. See *Phillips* v. *State,* 39 *Ga. App.* 812 (148 S. E. 631) and *Starnes* v. *State,* 45 *Ga. App.* 238 (1) (164 S. E. 89). This special ground is not meritorious.

■ Special ground 2 assigns error because it is alleged that the court erred in admitting testimony regarding the financial ability of the mother and father of the prosecutrix to take care of the baby. It is true that the financial ability of parents may not be considered in civil cases. See *Central Railroad* v. *Moore,* 61 *Ga.* 151 (1). When the mother of the prosecutrix made the statement that she and her husband were not able to take care of the bastard child the following colloquy took place: "Mr. Preston: Your Honor, I object to that, that is not an issue here, he was indicted for something else. The Court: Was the warrant issued before or after the birth of the child? Mr. Pollock: The warrant was issued before the birth of the child. The Court: Then I overrule the objection. Mr. Pollock: I won't pursue it any further and withdraw the question." In this bastardy case, as in most others, the question arises as to whether or not the child would become a charge of the county, and the financial condition of the mother or father or other relatives upon whom the cost of supporting the bastard child would seem to be a matter for consideration before the justice of the peace only, not in the trial court. The solicitor-general withdrew the question. Moreover, under the record now before us, this question was harmless to the defendant. This special ground is not meritorious.

■ Special ground 3 assigns error because it is alleged that the material averment in the indictment was not proved as laid; hence there was a fatal variance between the allegata and the probata. The indictment shows that the defendant "did fail and refuse to give such security" referring to the bond for the

support of the bastard child. The defendant having been bound over, the grand jury having returned a true bill indicting the defendant for the offense of bastardy, the indictment was properly in evidence and was thus a part of the probata. The defendant refused to give a bond in *any* amount. In *Childers v. State,* 3 *Ga. App.* 449 (1) (60 S. E. 128) this court held: "A magistrate, upon a bastardy inquest, need not, in requiring security of the putative father, fix a penal sum in which the bond is to be given." On page 450 of the same case the court said: "In actual practice magistrates frequently name $750 as the penal sum in proceedings against the putative father; and a bond with the penalty so fixed is not illegal. *Johnson* v. *State,* 102 *Ga.* 613 (29 S. E. 916)." This special ground is not meritorious.

■ Special ground 4 assigns error because of the admission into evidence of the warrant, commitment, and appearance bond, over objections of counsel for the defendant. All proceedings of the courts regarding the bastardy indictment, including the documents to which objection was made, are admissible as evidence in a case such as this. The bastardy proceeding went before the proper legal forums and the defendant was bound over to the superior court for trial. The record of what had transpired previous to the trial was a necessary part of the proceedings in the superior court. It was not erroneous for the documents to have been admitted into evidence. This assignment of error is not meritorious.

■ Special ground 5 assigns error because the court refused to direct a verdict of acquittal at the conclusion of the State's evidence. In *Bromberg* v. *Drake,* 91 *Ga. App.* 118, 122 (85 S. E. 2d 160) this court said: "It is never error to refuse to direct a verdict. . . Code (Ann.) § 110-113 . . . merely provides a new method . . . by which a failure to direct a verdict may subsequently become the basis of reversible error, but where that statute is pursued, the error is not in failing to direct the verdict in the first instance, but in failing to grant the motion for a judgment notwithstanding the verdict." It is our opinion that the court properly refused to direct a verdict under the pleadings and evidence before us. This special ground has no merit.

■ Special ground 6 assigns error because of the court's charge on the law of admissions. Code § 38-409 reads: "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission." The jury had the whole evidence before them, including the defendant's statement. They resolved the issue against the defendant, which they had a right to do, under the record before us. See *Moon* v. *State*, 85 *Ga. App.* 212 (68 S. E. 2d 617). This special ground is not meritorious.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*