Alfred, a slave, *vs.* State of Georgia.

No. 64.—ALFRED, a slave, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] The owner or manager of a slave, charged with a capital offence, when acting as the counsel of his slave on the trial, can lawfully waive the num-ber of Jurors required by the Statute to be impannelled for the trial of such slave, and consent to take the first twelve on the Jury list.

[2.] On the trial of a slave charged with a capital offence, and a verdict of guilty, the Court will not interfere to grant a new trial, on the ground that the evidence was not sufficient to authorize the verdict, where there is *some* evidence for the consideration of the Jury, and no error in law apparent on the face of the record.

Alfred, a slave, *vs.* State of Georgia.

*Certiorari*, decided by Judge WRIGHT, Cass Superior Court, February Term, 1849.

Alfred, a slave, the property of James W. M. Berrien, was placed upon his trial before the Justices of the Inferior Court of Cass County, for the offence of an assault with intent to commit a rape, upon the person of a white girl of about four years of age. *Twenty-three* Jurors were impannelled, and the farther impannelling was waived by the owner of the slave, then in Court, acting as counsel for the slave. After the evidence was gone through, (which it is unnecessary to insert,) the Court being of the opinion that the testimony was insufficient to find the said Alfred guilty of the charge, charged the Jury that there would be no impropriety in a verdict of guilty of an assault and battery, if they thought he was not guilty of the crime charged. The Jury returned a verdict of guilty of the crime charged.

A *certiorari* was prayed to the Superior Court, on the grounds that the Jury were improperly impannelled, and that the verdict was contrary to law and evidence and the charge of the Court.

Upon hearing the *certiorari*, the Judge of the Superior Court refused to grant a new trial, and this decision is alleged as error.

W. H. UNDERWOOD, for plaintiff in error.

J. MILNER, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

Two grounds of error have been assigned upon the record to the judgment of the Court below.

First, that the Jury were not impannelled as required by law.

Second, that the verdict of the Jury was contrary to law and evidence and the charge of the Court.

[1.] The 9th section of the Act of 1816, which is amendatory of the Act of 1811, provides, that the Justices of the Inferior Court, or a majority of them, when notified of the commitment of a slave for a capital offence, shall cause to be drawn, fairly and impartially, from the Jury box, the names of persons subject to serve as Jurors, not less than twenty-six, nor more than thirty-six Jurors, who shall be summoned to attend at the time and place

Alfred, a slave, *vs.* State of Georgia.

pointed out for the trial of such slave by the Inferior Court. *Prince*, 792. On the trial of the slave, Alfred, only *twenty-three* Jurors were impannelled; but the reason why the legal number was not impannelled, the record states to be, that the slave was represented in Court by his owner, J. W. M. Berrien, Esq. and Thomas Berrien, as his counsel, who *waived* the impannelling the legal number of Jurors, and agreed that the first twelve Jurors answering to their names should try the cause. By the 9th section of the Act of 1811, of which the Act of 1816 is amendatory, it is provided, the owner or manager of the slave, shall have the right of challenging seven of the number of Jurors summoned, and the Court five on the part of the State. *Prince*, 791. The argument for the plaintiff in error is, that the slave being property, and supposed to be merely passive, the Court is bound to see that he had the legal number of Jurors summoned for his trial, and that his owner could not waive his right, as secured by law, to have the twenty-six Jurors impannelled.

The answer to that argument is, that the Legislature most clearly contemplated that the owner or manager of the slave would protect his own interest and the rights of his slave; for the right to challenge seven of the Jurors, is expressly given to the *owner* of the slave. Not only the interest which the owner has in his slave, but his personal attachment for him, will always prompt him to be vigilant in securing and protecting all the rights of his slave; and, as is too often the case, as we all know, the just penalty of the law is defeated in consequence of such interest and attachment. Here, the owner of the slave thinking, doubtless, it would be for the interest of his slave, as well as for his own interest, to take the first twelve on the Jury list, *waived* the impannelling more than twenty-three, and we think he had the legal right, under the law, to make such waiver.

[2.] With regard to the second ground of error, it has been urged upon us, that a new trial should be granted, because the evidence was not sufficient to authorize the Jury to have found the slave guilty of the offence with which he was charged. Had we been the Jurors who tried the cause, we might have drawn a different conclusion from the evidence than they did, and felt it to have been our duty to have found the slave not guilty; but there was *some* evidence of which the Jury were the *exclusive* judges, and they, in the exercise of their judgment, have found him guil-

ty, and we do not consider that we have the *legal* power and authority to control their verdict. We are free to say, that we have scrutinized this record very closely, to find a *legal* reason for setting aside the verdict in this case, inasmuch as the evidence is not as clear and satisfactory to our minds as we could wish, to authorize a conviction. In reply to the argument pressed upon us on the ground of humanity for the slave whose life is about to be forfeited by the judgment which, under the law, we feel bound to render in this case, it will be sufficient to remark, that we are not clothed with the *pardoning* power; the power *to pardon* is vested in another branch of the Government, by which, we cannot permit ourselves to doubt, it will be *properly* and *judiciously* exercised.

Let the judgment of the Court below be affirmed.