### NUTZEL *et al. vs.* THE STATE OF GEORGIA.

. [This case was argued at the last term and the decision reserved.]

1. Simple larceny from a vessel, in plundering or stealing therefrom under section 4408 of the Code, is complete when a box of shoes is broken open and the shoes taken out of it and concealed in the vessel, though not carried out of the vessel.

2. To ascertain whether a particular part of a charge excepted to as expressing an opinion on the facts, is fairly liable to such exception, the whole charge, written and in the record, may be considered; and if from the entire charge it appears that a white man and colored man being charged and tried together, the object of the judge was to warn the jury not to find the colored man guilty unless they believed from the evidence that "he acted freely and willingly, and in full accord with the white man, and was really guilty along with the white man," the law in respect to the white man's guilt or innocence having been fully and fairly given in other portions of the charge—such words as those marked extracted and which were excepted to, thus explained by other parts of the charge, are unexceptionable.

3. The court should not give in charge a request unless there be evidence to support it. This verdict is fully sustained by evidence and law.

Criminal law. Charge of court. New trial. Before Judge TOMPKINS. Chatham Superior Court. May Term, 1877.

Reported in the opinion.

L. H. DEMONTMOLLIN; P. M. & R. W. RUSSELL; THOMAS J. SHEFTALL, for plaintiff in error.

A. B. SMITH, solicitor general, for the state.

JACKSON, Judge.

These defendants; one a white man and the other a black man, were indicted and tried for simple larceny in stealing certain shoes out of a steamer lying in the Savannah river, under section 4408 of the Code. They were found guilty, and made a motion for a new trial on various grounds therein alleged ; it was overruled on all and they excepted.

The facts are that they were caught in the act of breaking open a box of shoes in the hold of the vessel where they had no business. One pair was found in Nutzel's room and several on the person, under the shirt of Dunham, being ladies' gaiters. When caught in the act Nutzel said he had told Dunham, the negro, to break open the box, and begged the person who detected them not to tell it.

The evidence of the larceny is complete.

1. The motion for a new trial is based on these grounds : First, because the court charged that in making out the offense it was not necessary to prove that the goods were actually taken and carried away from the vessel. This charge was not erroneous. The offense is simple larceny, and the Code, section 4408, defines this sort of larceny. " Plundering or stealing any article of value from a vessel in distress, or from a wreck, or any other vessel, boat or water-craft within the jurisdictional limits of this state, is simple larceny," declares that section. So that the question was, did these employees of the steamer, for employees they were, plunder or steal from this ship. The proof is, that they broke a box open and took out of it the shoes, hiding them. We think that the theft was complete without taking the goods out of the vessel. The crime is simple larceny, and the asportation is complete when they took the shoes out of the box and hid them.

The next ground is to the same effect and is ruled above.

2. The next is that the court charged, " you can look to the evidence and see if the colored man was forced to open the box by the white man, Nutzel, or if he acted freely and willingly and in full accord with the white man, and be re-

ally guilty along with the white man." Taken in connection with the other parts of the charge, all of which is in the record, we see no error here. The court had fully charged the law as to each defendant with reasonable doubt added, and simply said in effect, you must see to it that both are guilty, that both acted voluntarily. There was no pretense that the white man had not acted voluntarily in all he had done. The court said see to it that the negro was not under coercion.

Taken in connection with the whole charge, we do not think that it amounts to an expression of opinion on the facts.

3. The next ground applies to the negro, and is to the effect that the court refused to charge that if Nutzel had authority over him and he obeyed orders simply, he was not guilty. The court declined to give it because there was no proof that Nutzel did have authority over him.

The verdict is sustained by law and evidence.

Judgment affirmed.