## McCombs *vs.* The State of Georgia.

1. That a bastard was born in a certain county, that its mother subsequently swore out a bastardy warrant before a justice of that county, and the putative father was by him required to give bond, which he refused to do, constitute sufficient proof of venue to uphold the verdict of guilty upon indictment for failure to give such bond.

2. If it were necessary, there was sufficient evidence that the bastard would probably become chargeable to the county.

3. The question of the probability of the child becoming chargeable to the county is not involved in the trial of an indictment for bastardy. Two questions are involved: Whether the defendant is the father of the bastard, and whether he has refused to give bond when called on in terms of the law, that is, in the manner pointed out by law.

SPEER, Justice, dissented.

(*a.*) When it is sought to show ability and willingness on the part of persons, other than the parents of a bastard, to support it, if the other elements of bastardy are proved, nothing short of a present, binding, legal obligation to maintain and educate the child would be sufficient to justify a verdict of not guilty.

Venue. Bastardy. Criminal law. New Trial. Evidence. Before Judge COBB. City Court of Clark County. July term, 1880.

Reported in the decision.

POPE BARROW; T. W. RUCKER; A. J. COBB, for plaintiff in error.

L. W. THOMAS, solicitor of city court, for the state.

CRAWFORD, Justice.

Nelson McCombs, the plaintiff in error, was indicted for misdemeanor, which, as alleged, consisted in his being the father of a bastard child, and upon the oath of the mother to this fact, and that it was probable that the said child would become chargeable to the county of Clark, he had been arrested and carried before a justice of the peace, who had required him to give bond and security to support the said bastard child, which he had refused to do, when so required in.terms of the law, whereupon he had been held to answer the said offense. To this accusation the defendant pleaded not guilty. The jury, under the evidence and charge of the. court, found against the plea; whereupon the defendant moved for a new trial which was refused, and he excepted.

The grounds of the motion, and upon which he relied before this court were, that the venue was not proved, nor was there evidence to show that the said bastard child was likely to become chargeable to the county, and because the court rejected the evidence going to show the ability or willingness of ᵥthe grandmother and grandfather to support the child unless they made themselves legally bound to do so.

1. An examination of the testimony set out in the record shows that this bastard child was born in Clark county, Georgia; that the oath of the mother was made before a justice of the peace in that county, and a warrant issued for the arrest of the defendant by the same officer; that he was arrested, brought before the same justice, who tried him on the warrant, and, upon the evidence submitted, required him to give bond to the ordinary of Clark county for the support of the child, and upon his refusal

to do so, he was bound over for his appearance at the next term of the superior court for the said county. This is, in our judgment, sufficient proof of the venue to satisfy the jury and the law.

2. Upon the ground that there was not sufficient evidence to show that the child might become chargeable to the county, it appears that the mother swore that she was not able to support it, that her health was bad, and had been from its birth, that she herself lived with her mother, and could neither do field labor nor wash regularly, but was mainly supported by her mother and her husband, who was her step-father.

If this testimony be true, and it seems that the jury believed it to be so, then there was evidence to show that the child probably might become chargeable to the county, even if it were necessary to make such proof.

3. This ground of the motion was relied upon with great confidence by counsel for the plaintiff in error, and it was insisted on the argument, that evidence going to show the ability and willingness of parties, other than the mother, to support the child should not have been rejected by the court.

Or in other words, that the defendant had the right to show on the trial that the child was not likely to become a charge on the county.

The law, as construed by a majority of the court is, that if the putative father of a bastard child refuses or fails to give security for its maintenance and education, when required to do so in terms of the law, he shall be indicted for misdemeanor, and on conviction first, of being the father, and second, of his failure or refusal to give the security, the crime is complete. But it is claimed that the words, in terms of the law, extend to the defendant the right to show that fact. The terms of the law referred to are contained in §§4762, 4763 of the Code, and not in §4564.

The power of the magistrate, in such cases, must neces-

sarily be great, and its exercise prompt, for he is not only to look at the maintenance and education of the child, but to the expense of the lying-in with such child, the nursing and maintenance of the mother while so confined by reason thereof.

So important did the law-makers consider this subject, that they invested the magistrate with the keys of the prison-house to avoid any expense to the county resulting from such illicit connection, when either of the parties failed or refused to comply with the terms of the law. In view of these provisions, therefore, a majority of the court concur in the opinion that the defendant is concluded on that branch of his case when on trial under indictment. But we do not put our judgment, in this case, on that ground, because one member of the court has some doubts upon this question, and we all concur in the opinion that whatsoever may be the law as to that, still nothing short of a present, binding, legal obligation to maintain and educate the child, would be sufficient on the trial to justify a verdict of not guilty.

It matters not, therefore, how much proof might have been offered to show mere statements as to the ability and willingness of parties to support the child, they would be insufficient to meet the absolute requirements of the law. The ruling of the judge, therefore, in rejecting the evidence was right, as was also his charge to the jury thereon.

Judgment affirmed.

SPEER, Justice, dissented from the principle laid down in the exclusion of testimony as to the ability and willingness of parties, other than the mother, to support the child. He concurred in the judgment because the testimony offered would not show that any other person had formally agreed to become bound for the maintenance, etc., of the infant.