## McLOUD *v.* THE STATE.

1. Penal Code, § 79, contemplates and seeks to prevent the concealment of the death of such infants as, having been illegitimately begotten, arrive at the stage where they are ordinarily called " quick" and would, in the usual course of events, probably be born alive.
2. A child of a married woman, begotten by one who is not the husband of the mother, is a bastard.
3. Where the indictment charges and the evidence conclusively shows the commission of the completed act of concealment, an instruction that a conviction could be had of an " attempt to conceal " is not prejudicial error requiring the grant of a new trial.

Submitted February 20, — Decided March 8, 1905.

Indictment for misdemeanor. Before Judge Mitchell. Thomas superior court. January 6; 1905.

*W. C. Snodgrass* and *Roscoe Luke*, for plaintiff in error.
*W. E. Thomas, solicitor-general,* contra.

Evans, J.  The indictment under which the defendant was tried and convicted was framed under the Penal Code, § 79, and the material part was as follows:  The defendant "being pregnant with a bastard child to which she gave birth, did conceal its death, so that it might not come to light whether it was murdered or not, such child being subsequently found in its concealment dead."

1.  In her motion for a new trial complaint is made that the evidence was insufficient to show that the child whose death had been concealed was born alive.  Upon this subject the testimony was as follows:  The child was found in an old well, with a diaper pinned upon it, in which there was fecal matter.  A physician testified:  "If a child is found dead with a diaper on and an action therein, it is presumptive evidence that the child was alive, but not at all positive evidence."  A strong circumstance tending to show the child was born alive is that a diaper had been put on it so as to afford protection against an evacuation of fecal matter. It is hardly reasonable to suppose that, had the child not been born alive, this precaution would have been taken by the mother.  Besides, the physician testified that the discharge of fecal matter was presumptive, though not conclusive, evidence that the child had been born alive.  Taken in connection with the fact that a diaper was put around the child, the inference that it was born alive was fully sustained.  Penal Code, § 79, reads as follows:  "If any woman shall conceal or attempt to conceal the death of any issue of her body which, if it were born alive, would be a bastard, so that it may not come to light whether it was murdered or not, she is guilty of a misdemeanor."  This section is to be found in article 2 of the fourth division of the Penal Code, which deals with concealing a child's death, advising the killing of infants, abortion and fœticide.  If the infant is so far developed in the mother's womb as to be ordinarily called "quick," its destruction is made a penal offense.  § 81, *Taylor* v. *State*, 105 *Ga.* 846.  The wilful killing of an infant thus far developed, by any injury to the mother which, if it resulted in her death, would be murder, is punishable by death or imprisonment for life.  § 80. "The constrained presumption arising from the concealment of

the death of any child, that the child whose death is concealed was therefore murdered by the mother," is wholly insufficient to to support a conviction of murder.  § 78.  So it is provided that the concealment of the death of an illegitimate offspring, or an attempt to conceal its death, constitutes a distinct and substantive offense.  § 79.  In construing this section, the various other sections cited are to be looked to and considered in determining whether it is an indictable offense to conceal the death of an illegitimate offspring whose death occurred after it became "quick" but before its birth.  Thus construed, we are of the opinion that section 79 contemplates and seeks to prevent the concealment of the death of such infants as, having been illegitimately begotten, arrive at the stage where they are ordinarily to be called "quick" and would, in the usual course of events, probably be born alive.  The punishment is that of other misdemeanors; the gist of the offense is the concealment of a child which, if born alive, would be a bastard; and the purpose of the statute is to make penal such concealment, so that it may come to light whether or not the infant was born alive.  The evidence in this case was certainly sufficient to warrant a finding that the child had become "quick" and was, in all probability, born alive.

2. It is also insisted that the evidence did not show with that degree of certainty which the law requires that, even if the child was born alive, it was a bastard.  The testimony discloses that the defendant was a married woman, but for several years prior to the birth of the child she and her husband had lived in a state of separation.  Two witnesses swore that she had confessed that the child was the result of an illicit intercourse with a married man other than her husband, and the reason she assigned for concealing the child in the well was that she did not want to be disgraced by the publicity of giving birth to a child under these circumstances.  There was no denial of the statements made during her confession, nor any denial that she made these statements.  So the question is:  Is a child born of a married woman as the result of illicit intercourse with a man other than her husband to be deemed in law a bastard?  The answer to this question is to be found in the Civil Code, § 2507, which declares that "A bastard is a child born out of wedlock, and whose parents do not subsequently intermarry, or a child the issue of adulterous intercourse of the wife during wedlock."

3. Exception is taken to the following charge of the court: "Did she conceal or attempt to conceal the death of any issue of her body which, if born alive, would be a bastard, so that it might not come to light whether it was murdered or not? If she did, she would be guilty of this offense; and if you are satisfied of that beyond a reasonable doubt, it would be your duty to find the defendant guilty." · The exception is that the court instructed the jury that they ought to find the defendant guilty if they were satisfied she either concealed or attempted to conceal the death of a bastard child, whereas the indictment did not charge her with any attempted concealment. Had there been any doubt under the evidence as to whether she concealed the child or merely made an attempt to do so, the charge would have been objectionable for the reason assigned, notwithstanding the statute makes an attempt to conceal the death of a bastard child as much an offense as the concealment of one, and provides that the same punishment shall be inflicted for an attempt as for the completed act. In other words, it is a misdemeanor to either attempt to conceal or to conceal its death; but a conviction of an attempt would not be justified under an indictment charging concealment alone. However, the evidence showed conclusively that the child was found concealed at the bottom of an old well, and the defendant's confession that she concealed the infant by throwing it into this unused well was proved beyond question. The charge was therefore perfectly harmless, and affords no reason for setting aside the conviction.

*Judgment affirmed.     All the Justices concur.*