### 2058.　ANTHONY *v.* THE STATE.

RUSSELL, J. 1. The evidence authorized the verdict, and there was no error in refusing a new trial.

2. It is not error to instruct the jury that after having arrived at the truth of the case so far as the facts are concerned, they shall apply to these facts the law as given in charge by the court.

3. In the absence of a timely written request asking explicit instructions, the fact that a proposition which might properly have been stated to the jury more lucidly and more fully is not thus presented affords no ground for new trial, where the general principles of law involved in the case are fairly presented. *Judgment affirmed.*

Indictment for burglary, from Irwin superior court—Judge Whipple. July 8, 1909.

Argued October 5,—Decided October 13, 1909.

*H. E. Oxford, W. M. Rogers, H. J. Quincey,* for plaintiff in error.

*Walter F. George, solicitor-general,* contra.

---

### 2059.　GREEN *v.* THE STATE.

POWELL, J. The plaintiff's motion for a new trial rests chiefly on the ground of newly discovered testimony. The fact testified to by the newly discovered witness was insisted upon at the trial, by the defendant in his statement, but he had no witness to the fact. The affidavits make a prima facie case as to the movant's diligence; and in the facts of the transaction there is nothing inconsistent with the view, sustained by his affidavits, that he could not have discovered the existence of this witness by ordinary diligence. The character of the new witness is duly substantiated. There was no counter-showing. This court is of the opinion that the interests of justice can best be subserved through a new investigation. *Judgment reversed.*

Indictment for larceny after trust, from Sumter superior court—Judge Littlejohn. July 6, 1909.

Submitted October 5,—Decided October 13, 1909.

*W. M. Harper,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.