2942.  GROVES *v.* THE STATE.

RUSSELL, J. 1. Though there was no direct evidence that the defendant directed or authorized the sales of the intoxicants, which were proved to have been made by his employees, the circumstantial evidence to that effect is sufficient to exclude any other reasonable supposition. All of the circumstances illustrating the conduct of the defendant's business and his familiarity with its details, as well as his frequent presence and close personal superintendence and supervision of his places of business, where intoxicating liquors were sold, authorized the jury to infer that the unlawful sales were made with his consent; and this in spite of the fact that he had forbidden his salesmen to violate the law. If the jury had found (as the circumstances of this case would have

warranted them to find) that the defendant was obliged to know that his employees were disobeying his oral instructions, and yet retained them in his employ, the jury were authorized to infer that his instructions to his employees were not given bona fide, or with the intention that they should be obeyed, but were given merely for the purpose of preparing a defense if he should be detected in a violation of the law.

2. While it is the duty of the court, without request, to present the particular defense upon which the defendant in a criminal prosecution relies, it is not necessary, in the absence of a request, to refer specifically to the particular testimony upon which that defense is based, or to inform the jury of the defendant's specific contentions. Where the judge presents the contentions of the defendant as fully as those of the State, and, after using practically the same language in reference to the nature of the defense as that used in stating the State's contentions, tells the jury that the defendant claims that he did not do the act alleged to be criminal, either directly or indirectly, this, in the absence of a request for more specific instructions, is sufficient.

3. The assignment of error based upon the disqualification of the juror is not considered, because it was not referred to in the brief, and must be treated as having been abandoned. *Judgment affirmed.*

DECIDED JANUARY 31, 1911.

Accusation of unlawful sale of liquor; from city court of Macon— Judge Hodges. August 27, 1910.

*Jesse Harris, Roland Ellis, J. M. Terrell,* for plaintiff in error.

*Walter J. Grace, solicitor-general,* contra.