### 4357.   JONES *v.* THE STATE.

POTTLE, J. 1. Both at common law, as it was interpreted in England at the time of our adopting statute, and under the statute of this State, a child of a married woman, begotten by one who is not the husband of the mother, is a bastard. While there is a strong presumption that a child born during wedlock is legitimate, this presumption is not conclusive, and will be held to have been rebutted, where the proof to the contrary is clear. Civil Code (1910), § 3026; *Wright* v. *Hicks*, 12 *Ga.* 156 (56 Am. Dec. 161), also 15 *Ga.* 161; *Sullivan* v. *Hugly*, 32 *Ga.* 321; *McLoud* v. *State*, 122 *Ga.* 393 (50 S. E. 145).

2. In a prosecution for bastardy the statute of limitations begins to run from the refusal of the putative father to give the bond and pay the expenses as required by section 682 of the Penal Code (1910).

3. Since the common law is presumed to be of force in Florida, a child

born in wedlock in that State may nevertheless be shown to be a bastard. If a bastard child be born in Florida and its mother subsequently remove into Georgia, the putative father may be prosecuted for bastardy in the latter State. The question of the possibility of the child becoming chargeable to the county is not involved in the trial of an indictment for bastardy. *Kennedy* v. *State*, 9 *Ga. App.* 219 (70 S. E. 986).

4. There was no error of law, and the evidence warranted the conviction.

*Judgment affirmed.*

DECIDED OCTOBER 22, 1912.

Accusation of bastardy; from city court of Saint Marys—Judge Atkinson. June 22, 1912.

*Wilson, Bennett & Lambdin,* for plaintiff in error.
*S. C. Townsend, solicitor,* contra.

