### 9185. WELDON v. THE STATE.

BLOODWORTH, J. 1. The courts of last resort of this State have laid down the following general principles:

(a) "While it is the duty of the court, without request, to present the particular defense upon which the defendant in a criminal prosecution relies, it is not necessary, in the absence of a request, to refer specifically to the particular testimony upon which that defense is based, or to inform the jury of the defendant's specific contentions." *Groves v. State*, 8 *Ga. App.* 691 (2) (70 S. E. 93). See also *Central of Georgia Railway Co.* v. *McKinney*, 118 *Ga.* 535 (45 S. E. 430); *Williams* v. *State*, 120 *Ga.* 870 (48 S. E. 368); *Wrightsville & Tennille Railroad Co.* v. *Gornto*, 129 *Ga.* 204 (3) (58 S. E. 769).

(b) If the substantial law covering the issues made by the pleadings and evidence is given in charge, and more specific instructions are desired, timely and appropriate written request therefor should be made. *Anthony* v. *State*, 6 *Ga. App.* 784 (3) (65 S. E. 816).

(c) "An omission to charge a proposition of law favorable to the accused can not be taken advantage of by assigning error upon a wholly unobjectionable instruction given to the jury." *Williams* v. *State*, 120 *Ga.* 870 (2) (48 S. E. 368). See also *Wynn* v. *Bridges*, 144 *Ga.* 497 (3) (87 S. E. 665); *Smith* v. *Brinson*, 145 *Ga.* 407 (2) (89 S. E. 363); *Willis* v. *Hudspeth*, 145 *Ga.* 439 (3) (89 S. E. 427); *Killian* v. *State*, 19 *Ga. App.* 750 (2) (92 S. E. 227).

(d) "That numerous instructions given by the court to the jury may not have been precisely and in every respect adjusted to the facts in evidence is not cause for a new trial, when it appears that these instructions were in themselvs correct propositions of law, and that they contained nothing which could have misled the jury or in any way have tended to prevent their reaching a correct conclusion upon the real issues involved." *Conley* v. *Buck*, 100 *Ga.* 188 (3) (28 S. E. 97).

(e) "The judge should explain to the jury the meaning of technical terms which occur in his instructions; but a failure to do so will not generally be ground for a new trial, in the absence of an appropriate and timely written request for such explanation." *Holmes* v. *Clisby,* 121 *Ga.* 241 (7) (48 S. E. 934, 104 Am. St. R. 103). See also *Pickens* v. *State,* 132 *Ga.* 46 (1), 47 (63 S. E. 783).

(f) "It is not error for the judge in his charge to the jury to give cautionary instructions tending to impress upon them the gravity of the issues involved, where nothing is said in such instructions tending to prejudice the rights of the defendant or in any way to impress the jury with the idea that it is more important to vindicate the law by the conviction of the accused, if guilty, than it is to acquit him, if innocent." *Lyles* v. *State,* 130 *Ga.* 294 (5) (60 S. E. 578).

(g) "Whether a judge, by language used in his charge to the jury, violates the provisions of the code by intimating or expressing an opinion as to what has been proved, will be determined in the light of the entire context." *Morse* v. *State,* 10 *Ga. App.* 61 (2) (72 S. E. 534). See also *Everett* v. *State,* 62 *Ga.* 65 (5); *Nutzel* v. *State,* 60 *Ga.* 264 (2).

(h) "It is well settled by repeated rulings of the Supreme Court and this court that on a trial for murder, if there is anything deducible from the evidence or the defendant's statement that would tend to show manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter. *Crawford* v. *State,* 12 *Ga.* 142 (6); *Jackson* v. *State,* 76 *Ga.* 473; *Wayne* v. *State,* 56 *Ga.* 113; *Bell* v. *State,* 130 *Ga.* 865 [61 S. E. 996]; *Strickland* v. *State,* 133 *Ga.* 76 [65 S. E. 148]; *Pyle* v. *State,* 4 *Ga. App.* 811 [62 S. E. 540]." *Cain* v. *State,* 7 *Ga. App.* 24 (65 S. E. 1069).

(i) "In the absence of a written request so to do, it is not error for the trial judge to fail to charge the law of the theory of a case presented solely by the prisoner's statement." *Robinson* v. *State,* 114 *Ga.* 56 (4) (39 S. E. 862). See also *Grant* v. *State,* 19 *Ga. App.* 229 (91 S. E. 338).

(j) "A charge torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown* v. *Matthews,* 79 *Ga.* 1 (4 S. E. 13); *Partee* v. *State,* 19 *Ga. App.* 759 (5, 6) (92 S. E. 306).

Applying the foregoing general principles to the grounds of the motion alleging error in the several excerpts from the charge, and considering all of these excerpts in the light of the entire charge, we find no error in any of these grounds which would authorize the granting of a new trial.

2. The 16th ground of the amended motion for a new trial complains that the court erred in recharging the jury solely on murder and voluntary manslaughter. According to the note of the presiding judge, "The recharge to the jury was given under these circumstances: The jury had been out for several hours and returned into court, and the

judge inquired of the jury if they desired any further instruction on the laws. One of the jury responded by saying that the jury wished to be recharged on the subject of murder and manslaughter, and the recharge was limited to the request made by the jury." Under these circumstances there was no error in the judge limiting his recharge to the request made by the jury.

3. There was no error in admitting the evidence of witness Hix, as complained of in the 18th ground of the motion. The witness was telling what occurred during the progress of the killing, and this evidence was clearly admissible as part of the res gestæ. Penal Code (1910), §1024.

4. Under the particular facts of this case the admission of the evidence of Dr. Brown, as complained of in the 19th ground of the motion, was not erroneous.

5. The evidence of witness Walters, the admission of which is complained of in the 20th ground of the motion for new trial, was not inadmissible for the reasons urged. "A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally speaks from his recollection thus refreshed, or is willing to swear positively from the paper." Civil Code (1910), § 5873.

6. No error is distinctly alleged in the 21st ground of the motion, and it can not be considered.

7. The 22d ground of the motion shows that the defendant offered as evidence an indictment returned by the grand jury of Franklin County on October 26th, 1915, against Newton Weldon for manslaughter, of date prior to that of the indictment for murder under which the defendant was being tried. The indictment for manslaughter being still undisposed of, there was no error in refusing to admit it in evidence.

8. There was no error in refusing to grant a new trial on account of the alleged newly discovered evidence of Patrick, Holbrook, White, and Slaton, as the evidence of each of these witnesses was cumulative and impeaching in its character; and besides, it appears that each of them was subpœnaed as a witness by the accused before the trial, and it also appears that upon the hearing of the motion for new trial the State submitted affidavits directly contradicting that set forth as newly discovered evidence in some of the affidavits of movant. *Bowers* v. *State*, 135 *Ga.* 310 (69 S. E. 536); *Watkins* v. *State*, 19 *Ga. App.* 234 (5) (91 S. E. 284).

9. "An assignment of error in a motion for new trial, that a sentence within the limits fixed by law, is excessive and too harsh under the facts and circumstances of the case, presents no reason for interference by the reviewing court." *McCullough* v. *State*, 11 *Ga. App.* 612 (6) (76 S. E. 393). See also *Truitt* v. *State*, 124 *Ga.* 657 (52 S. E. 890).

10. The 27th ground of the motion complains that certain clothes worn by the deceased and his brother Tom at the time they were shot, and one of the pistols said to have been used in the homicide were sent out with the jury and allowed to remain with them for their inspection during their deliberations on the case. This was not error; the record

showing that these articles were offered in evidence and admitted by the court without objection, and it also appearing that the attention of at least one of the attorneys representing the defendant was directed to the fact that said clothing and pistol were being given to the jury, and that no objection was then raised to sending them out.

11. Under the facts of this case there was no error in the judge failing to charge the jury on the question of conspiracy between the deceased and his brothers.

12. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

DECIDED NOVEMBER 16, 1917.

Indictment for murder; conviction of manslaughter; from Franklin superior court—Judge Cobb. August 10, 1917.

*G. L. Goode, W. A. Stevenson, E. C. Stark, T. J. Shackelford,* for plaintiff in error.

*A. S. Skelton, solicitor-general, H. H. Chandler, D. T. Davis, W. R. Little,* contra.