Rape, 33 Cyc. p. 1493, n. 71.

---

### 18612.  CRONIN *v.* THE STATE.

BLOODWORTH, J.  1.  For no reason alleged does the excerpt from the charge embodied in the first special ground of the motion for a new trial require a rehearing of the case.

2. "It is not a good assignment of error on a portion of the judge's charge which states a correct principle of law applicable to the case, that some other correct and appropriate instruction was not given." *Grant* v. *State,* 152 *Ga.* 252 (109 S. E. 502).  See *Conley* v. *State,* 21 *Ga. App.* 134 (94 S. E. 216).  "In the absence of an appropriate written request to charge, the judge was not required to charge the jury more fully than he did as to the contentions of the accused."  *Hall* v. *State,* 36 *Ga. App.* 279 (136 S. E. 468).  The rulings in the foregoing cases dispose of the 2d special ground of the motion.

3. "While it is the duty of the court, without request, to present the particular defense upon which the defendant in a criminal prosecution relies, it is not necessary, in the absence of a request, to refer specifically to the particular testimony upon which that defense is based, or to inform the jury of the defendant's specific contentions." *Groves* v. *State,* 8 *Ga. App.* 691 (2) (70 S. E. 93).  See also *Central of Ga. Ry. Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430); *Williams* v. *State,* 120 *Ga.* 870 (48 S. E. 368); *Wrightsville & Tennille R. Co.* v. *Gornto,* 129 *Ga.*

---

Criminal Law, 16 C. J. p. 748, n. 53; p. 964, n. 31; p. 1057, n. 26; p. 1059, n. 42; p. 1063, n. 85.

204 (3) (58 S. E. 769). "If the substantial law covering the issues made by the pleadings and evidence is given in charge, and more specific instructions are desired, timely and appropriate written request therefor should be made. *Anthony* v. *State*, 6 *Ga. App.* 784 (3) (65 S. E. 816)." *Weldon* v. *State*, 21 *Ga. App.* 330 (1 *a, b*) (94 S. E. 326). Under the foregoing rulings there is no merit in the 3d special ground of the motion for a new trial.

4. As far as legal and pertinent, the requests to charge set out in grounds 4, 5, and 6 of the motion were covered by the charge given.

5. There was evidence upon which to base the hypothetical question asked the witness, of which complaint is made in the 7th special ground of the motion, and it was not error to allow the question asked on cross-examination. Even should it be conceded that the answer was a conclusion of the witness, the facts upon which he based his conclusion were stated. "Any witness may give his opinion as adduced from facts already fully stated by him, the value of the opinion being for the jury." *City of Cedartown* v. *Brooks*, 2 *Ga. App.* 588 (11) (59 S. E. 836).

6. The court did not err in overruling the motion for a new trial.

　　　　　*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

　　　　　　　　　DECIDED JANUARY 7, 1928.

Burglary; from Whitfield superior court—Judge Pittman. November 14, 1927.

*D. W. Mitchell*, for plaintiff in error.

*John C. Mitchell, solicitor-general*, contra.