## 19217. WRIGHT *v*. THE STATE.

DECIDED DECEMBER 11, 1928.

*S. B. McCall, Branch & Snow,* for plaintiff in error.

*C. E. Hay, solicitor-general, H. B. Edwards,* contra.

LUKE, J. Indicted for assault with intent to murder by shooting a pistol at Dave Dixon, and convicted of unlawfully shooting at another, I. J. Wright filed a motion for a new trial, based upon the general grounds, and upon four special exceptions to the court's charge.

In ground 4 of the motion for a new trial, the movant insists that the court erred in charging that it is unlawful for a person who is not an officer to carry a pistol outside of his home or place of business without having a license from the ordinary. The criticism of this charge is that the defendant had already been convicted of carrying a pistol without a license, and that the law charged had nothing to do with this case, and the charge was harmful error. There is evidence that the defendant was pointing a pistol at his daughter, when the marshal, who was an arresting officer, appeared upon the scene, and that the shooting began at once, the evidence differing as to whether Dave Dixon, the marshal, or the defendant fired the first shot. Notwithstanding evidence to the effect that the marshal and the defendant were not on the best of terms, the jury had the right to conclude that the marshal expected trouble when he saw the defendant enter the store of his estranged wife, and that the marshal's purpose was to perform his duty as marshal to keep the peace, and that he drew his pistol to

effect that purpose, at a time when the defendant was violating the law, both by carrying a pistol without a license and by pointing the pistol at his daughter. The jury had the right to conclude that the marshal was attempting to fulfil his duty as an arresting officer. The court's reason for this charge is clearly shown by the following words in the next paragraph of his instructions to the jury: "If you believe I. J. Wright was in violation of any law of this State; it would be, if such were the truth of the case, the duty of the officer to arrest the defendant." The excerpt was applicable to a phase of the case that the jury should have considered, and was not erroneous for the reason assigned.

Ground 5 complains of this excerpt from the charge of the court: "If you believe that the defendant in the case, I. J. Wright, was then and there in violation of the law of the State, in the presence of Dave Dixon, whom you believe to be an arresting officer of the State; if you believe that while so violating the law in the presence of Dave Dixon, Dave Dixon approached him for the purpose of making an arrest, or if you believe that I. J. Wright, the defendant, believed he was approaching him for that purpose, shot at Dave Dixon as alleged in the indictment, he would be guilty as charged under the indictment, unless you find under your instructions and under the evidence the defendant was justified." The contention is that the foregoing charge was not applicable to the facts of the case, for the reason that Dixon, the marshal, "did not claim even remotely that he approached the defendant for the purpose of making an arrest," and did not indicate to the defendant that he intended to arrest him, and for the further reason that it did not appear that Wright knew that the purpose of the marshal was to arrest him. Dixon testified: "I knew he (defendant) was not wanted in the store, knew the folks were scared of him, and I went to see what was going to happen." We can not agree with counsel that this was a candid admission on his part that his motive was mere curiosity. Dixon was the marshal of Hahira, an arresting officer. He suspected that there was about to be trouble at a place where it was his duty to arrest any one committing a breach of the peace. The jury had the right to conclude that he intended to prevent trouble, if necessary, in a lawful way, i. e., by arresting the defendant if he were breaking the law. If the testimony of the marshal and the defendant's daughter be true, the defendant was

pointing his pistol at his daughter when the marshal entered the store. It is clear, from the evidence in the case and the defendant's statement, that the defendant well knew Dixon. Dixon testified that he had on his badge and uniform at the time of the difficulty, which occurred in Mrs. Wright's store in the town of Hahira. There was testimony from which the jury had the right to conclude that Dixon shot first, and there was testimony from which the jury might believe that the defendant began the shooting. The precise manner in which the transaction occurred is very uncertain, and it was the judge's duty to charge, as he did, the various theories presented by the evidence, leaving the jury to unravel the facts. The excerpt complained of was applicable to a theory of the case presented by the evidence, and was not error for the reason assigned.

Ground 6 of the motion for a new trial (complaining of another part of the charge) is based on the contention that there was no evidence that the marshal approached the defendant for the purpose of arresting him, or that the defendant believed that the marshal was attempting to arrest him. This contention has already been discussed, and our opinion that there is no merit in it has already been clearly indicated.

The seventh and last ground presents no error. The charge of the court upon the law of self-defense was correct; and if more specific instructions upon that subject were desired, they should have been requested. The following statement of the law from the case of *Cronin* v. *State,* 37 *Ga. App.* 611 (3) (70 S. E. 93), applies directly to this exception: "While it is the duty of the court, without request, to present the particular defense upon which the defendant in a criminal prosecution relies, it is not necessary, in the absence of a request, to refer specifically to the particular testimony upon which that defense is based, or to inform the jury of the defendant's specific contentions. *Groves* v. *State,* 8 *Ga. App.* 691 (2) (70 S. E. 93). See also *Central of Ga. Ry. Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430) ; *Williams* v. *State,* 120 *Ga.* 870 (48 S. E. 368) ; *Wrightsville & Tennille R. Co.* v. *Gornto,* 129 *Ga.* 204 (3) (58 S. E. 769). If the substantial law covering the issues made by the pleadings and evidence is given in charge, and more specific instructions are desired, timely and appropriate written request therefor should be made. *Anthony* v. *State,* 6 *Ga. App.* 784 (3) (65 S. E. 816) ; *Weldon* v. *State,* 21 *Ga. App.* 330 (1 *a, b*) (94 S. E. 326)."

The evidence supports the verdict, there is no merit in any of the special grounds of the motion for a new trial, and the judgment overruling the motion for a new trial was correct.

*Judgment affirmed.    Broyles, C. J., and Bloodworth, J., concur.*