22908.   NUTT *v.* THE STATE.

DECIDED APRIL 13, 1933.

*Smith & Millican,* for plaintiff in error.

*William Y. Atkinson, solicitor-general, J. R. Parham,* contra.

GUERRY, J. Reuben Nutt was convicted of the offense of bastardy, and assigns error on the overruling of his motion for a new trial.

■ The 1st special ground of the motion for a new trial alleges that the court erred in overruling a motion for a mistrial based on the following question by the solicitor-general and answer by the prosecutrix: Q. "This child you have on the stand, is that the defendant's child?" A. "It is." Under the authority of *Sims* v. *Stale,* 16 *Ga. App.* 211 (2), this furnishes no cause for a mistrial or new trial.

■ The mother of the bastard child, while testifying as to a conversation she had with the accused, stated that her father was present during the conversation. Counsel asked her, "Where is your father?" and she replied, "He is dead." Upon objection to this testimony the court ruled: "I will let it in to explain why he is not here;" and the 2d special ground of the motion complains of this ruling. The evidence was competent to account for the absence of the witness.

■ The 3d special ground of the motion alleges that the court erred in admitting in evidence the warrant and the orders thereon. This evidence was corroborative in part of the mother's testimony as to the child being a bastard, and as to the defendant being the father of it, and was admissible to show that the magistrate, "after hearing evidence," required the accused to give bond for the maintenance of the child, and that the accused failed and refused to give

bond, and that upon such refusal the magistrate directed his imprisonment unless he give bond for his appearance at the trial court. The evidence was material, since the refusal to give bond is vital to the charge. See *McCalman* v. *State,* 121 *Ga.* 491 (3) ; *Parsons* v. *State,* 97 *Ga.* 73.

◼ The 4th special ground of the motion is based on the refusal of the court to declare a mistrial because a prosecuting attorney, in his argument to the jury, stated that the baby, who was in plain view of the jury, was "the best evidence in this case." While this argument of the attorney is not free from criticism, as testimony as to the resemblance of the child to the accused is not admissible (*McCalman* v. *State,* 121 *Ga.* 492 (5)), yet in the instant case it was harmless, in view of the other testimony in the case, and in view of the admission of counsel for plaintiff in error in his brief, that "the evidence authorized a conviction on the question of plaintiff in error being the father of the child."

◼ The issues and evidence authorized the charge relative to bastardy, complained of in the 5th special ground of the motion, and there is no merit in this ground.

◼ The evidence, both as to the defendant's being the father of the child and as to his refusal to give bond, authorized the verdict, no error of law is shown, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*