## 34742. Jones *v.* The State.

Gardner, P. J. 1. This is a bastardy case, in which the plaintiff in error (hereinafter called the defendant) was convicted in Chattooga County, Georgia. Counsel for the defendant states that there are only two questions presented by him. The first is, was the venue sufficiently proven by the State to be in Chattooga County? The second proposition is that the evidence is not sufficient to support a verdict of guilty in view of the fact that the State did not prove beyond a reasonable doubt that the prosecutrix was an unmarried woman at the time of the alleged intercourse which resulted in the birth of the bastard child. All the provisions as to procedure under Code §§ 74-301, 74-302, and 74-303 were complied with and such proceedings were tendered in evidence.

The warrant was issued and the defendant was arrested, brought before the justice of the peace for trial, and that magistrate found that Milton Jones, Jr., was the putative father and required him to give bond as the law requires. The defendant refused to give bond, and the magistrate committed him to the trial court for the offense of bastardy, assessing a bond to appear for trial. The record shows that the justice of the peace who acted in the proceedings was of the 925th District, G. M., Chattooga County, Georgia. The magistrate was A. T. Ray. The magistrate testified that he was the justice of the peace of that district, county, and State, and that he had the hearing on the bastardy proceedings, in the courthouse in Chattooga County, Georgia. In *Davis* v. *State,* 58 *Ga.* 170(4), the Supreme Court said: "That defendant has a bastard child, which is likely to become chargeable to the county, and refuses to give bond for its maintenance, is sufficient to warrant a conviction for bastardy in the superior court of that county, irrespective of the place where it was begotten or born." The Supreme Court in *McCombs* v. *State,* 66 *Ga.* 580(3) said: "The question of the probability of the child becoming chargeable to the county is not involved in the trial of an indictment for bastardy. Two questions are involved: Whether the defendant is the father of the bastard, and whether he has refused to give bond when called on in terms of the law, that is, in the manner pointed out by law." See also the full decision on this point. To the same effect see *Bowen* v. *State,* 180 *Ga.* 497 (179 S. E. 352).

The contents and entries on a warrant are admissible as original evidence. In *McCalman* v. *State,* 121 *Ga.* 491(3) (49 S. E. 609), the Supreme Court said: "Where the magistrate who presided at the preliminary hearing of a bastardy proceeding signed entries made on the warrant, to the effect that, after evidence heard, the accused was required to give the bastardy bond, in terms of the law, and that, having failed and refused to do so, he was recognized in a given sum to the superior court, such entries were admissible as original evidence on the subsequent trial of the accused under an indictment for bastardy founded upon such bastardy proceedings." To the same effect see *Nutt* v. *State,* 46 *Ga. App.* 725 (169 S. E. 49).

When the bastardy proceedings were introduced, this was original evidence and was sufficient proof of venue in Chattooga County. See also *Green*

v. *State*, 49 *Ga. App.* 252 (175 S. E. 26). But in addition to this testimony the justice of the peace himself testified in the instant case that he issued the warrant introduced into evidence, had the hearing in the courthouse in Chattooga County, Georgia, required the defendant to give bond in terms of the law, and that the defendant failed to give the bond, and the magistrate committed him to the trial court and assessed the bond for his appearance. It must be kept in mind that special statutes with reference to bastardy cases make provisions as to proof with reference to venue different from what is required in most other criminal cases.

2. The second contention of the defendant is that the State did not prove that the prosecutrix was not married, and that the case should be reversed for that reason. We know of no law which requires the State to make this proof. It was not alleged in the indictment whether or not she was married, and it need not be alleged. This court held in *Watts* v. *State*, 12 *Ga. App.* 350, 353 (77 S. E. 206) as follows: "The only evidence of his guilt that is necessary is that he failed and refused to give the statutory bond when required to do so by the magistrate, and the further proof that he is the father of the bastard child." We do not consider it material whether the mother of the child was married or unmarried. However, the bastardy proceedings show and allege that she was unmarried, and the defendant testified that the prosecutrix tried to get him to marry her after she became pregnant. It might have been that on the issue of whether the defendant was the father of the child, he might have shown, if he could, that at the time of the intercourse she was married. This then would have raised a presumption that the child was not a bastard, but that would have been a rebuttable presumption. See *Jones* v. *State*, 11 *Ga. App.* 760(1) (76 S. E. 72).

There is ample evidence in the record to sustain the allegations that the child in question was a bastard and that the defendant was the father of the child. That is sufficient under the law to make out a case against the defendant under this record.

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

Decided September 23, 1953.

*Bobby Lee Cook*, for plaintiff in error.
*Earl B. Self, Solicitor-General*, contra.