35095. WHELESS *v.* THE STATE.

CARLISLE, J. On August 24, 1953, the defendant was convicted in the City Court of Savannah under an accusation, dated April 30, 1953, charging him with the offense of bastardy, for that he did on April 4, 1953, "being then and there the father of a bastard child with whom . . . [a named female] was then and there pregnant, and having been arrested and brought before . . . [the Judge of the Municipal Court of Savannah] clothed by law with the powers of a justice of the peace in and for Chatham County, having been required by said judge to give security in the terms of the law, to wit: a good and sufficient bond in the sum of $750 payable to the Ordinary of Chatham County, Georgia, and conditioned for the education and maintenance of such child until it arrives at the age of fourteen years, and also the expense of lying in with such child, boarding, nursing, and maintenance while the mother is confined by reason thereof, did then and there unlawfully refuse and fail to give such security, when required so to do," etc. His motion for a new trial, based on the usual general grounds and three special grounds, was denied.

1. The elements necessary to be proved to authorize a verdict of guilty of bastardy under the provisions of Code §§ 74-302, 74-303, are two in number: first, that the accused is the father of the child; and, second, that the accused has refused to give the required bond. *Forrester* v. *State,* 64 *Ga. App.* 298 (13 S. E. 2d 81); *Nutt* v. *State,* 46 *Ga. App.* 725 (169 S. E. 49). The second of these elements was established on the trial by stipulation between the parties that the defendant had refused to give the required bond; and there was evidence from which the jury was authorized to find that the defendant was the father of the child. The mother testified positively that the defendant was the father of the child, that she and the defendant had been having sexual intercourse on the average of twice a week from June, 1952, until she became pregnant in November, 1952, and this intercourse continued at the same ratio until five and one-half months after she became pregnant; that during all this time the defendant and she discussed their plans for marrying even after she informed him of her pregnancy; that the defendant never denied that the child was his; that she had never "dated" other men during the time she was having relations with the defendant. The fact that she and the defendant were "dating" on the average of twice a week during the period in question and were discussing plans for their

proposed marriage was corroborated by other witnesses. It follows that the verdict finding the defendant guilty as charged was authorized by the evidence, and there is no merit in the general grounds of the motion for new trial.

2. The trial court did not err in refusing to direct a verdict for the defendant on the ground that the bond was illegal for incorporating a provision for payment of the lying-in expenses of the mother in addition to the provision for the maintenance of the child. It appears from the record that the bastardy proceedings were instituted on April 4, 1953, and that the child was not born until July 23, 1953. The bond properly incorporated the provision for lying-in expenses. *Martin* v. *State,* 127 *Ga.* 39 (56 S. E. 79); Code § 74-9901; *Thomason* v. *State,* 18 *Ga. App.* 331 (89 S. E. 436). The case of *Sullivan* v. *State,* 114 *Ga.* 520 (40 S. E. 704), decided at the October term 1901, was decided prior to the amendment in 1902 of Code § 74-9901.

3. Under the circumstances of this case, there was no error in permitting a witness for the State, who was a close friend of the mother during the period in question, to testify that in her opinion the defendant and the mother "were going steady," and that the defendant and the mother went out together "about twice a week."

The trial court did not err in denying the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided April 12, 1954.

*Sullivan & Maner,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson, Jr.,* contra.