### 37587. ADAMS *v.* THE STATE.

CARLISLE, Judge. 1. In the prosecution of one charged under the provisions of Code § 74-9901 with failing to give the bond and security for the maintenance and education of an illegitimate child, the sole issues are the paternity and the failure of the defendant to give the bond and security required. *Wheless* v. *State*, 90 *Ga. App.* 39 (1) (81 S. E. 2d 891); *Curry* v. *State*, 97 *Ga. App.* 702 (104 S. E. 2d 148). Consistent with the foregoing authorities, it has been held that it is unnecessary that the State prove that the female in the case was unmarried at the time the intercourse occurred. *Jones* v. *State*, 88 *Ga. App.* 790 (2) (78 S. E. 2d 88). If the paternity of the child be otherwise proved by sufficient evidence, the presumption of its legitimacy may be overcome even though the evidence shows that the mother was in fact married to another than

the defendant in the case. *Jones v. State,* 11 *Ga. App.* 760 (1) (76 S. E. 72). Accordingly, in the present case, where the testimony of the prosecutrix showed without contradiction that she had intercourse with the defendant regularly on numerous occasions both before and after she became pregnant, and where she testified that she did not have intercourse with any other man, even though the evidence failed to expressly show that the prosecutrix was unmarried, and where the evidence showed the failure of the defendant to make the bond required by law, the verdict of guilty was authorized. It follows that the trial court did not err in overruling and denying the petition for certiorari insofar as the general assignments of error therein were concerned.

2. Subparagraph 8 of paragraph 6 of the petition for certiorari attempts to assign error on a portion of the charge but wholly fails to set forth therein any reasons why it is contended the charge was erroneous. This paragraph was insufficient to present any question for decision by the judge of the superior court, and he did not err in overruling the petition for certiorari insofar as that purported assignment of error was concerned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 19, 1959.

*Joseph W. Love,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Hinson McAuliffe, Eugene L. Tiller,* contra.