40153. LEE v. THE STATE.

DECIDED JUNE 25, 1963.

*C. Winfred Smith,* for plaintiff in error.
*Jeff C. Wayne, Solicitor General, Frank Strickland, Jr.,* contra.

JORDAN, Judge. 1. Special grounds 1 and 2 are based on the contention that the prosecuting witness was incompetent under *Code* § 38-1607 and that she failed to understand the meaning of the oath administered to her upon the trial of the case. The

record shows that the court, upon objection to her competency, examined the witness and found her competent to testify. Though there was evidence that the witness was "somewhat retarded," yet in response to questions by the court the witness testified that she went through the 8th grade in school, attended church and Sunday school, knew that it was right to tell the truth; that she knew the defendant and pointed him out in the courtroom. There was additional testimony that her grades in school were good. Under the well established rule recognizing the discretion of the trial court in determining the competency of witnesses, appellate courts will not disturb the ruling of the trial court that a witness is competent to testify in the absence of a clear abuse of such discretion. *Askins v. State*, 210 Ga. 532, 535 (81 SE2d 471); *Sides v. State*, 213 Ga. 482, 486 (99 SE2d 884); *Rogers v. State*, 11 Ga. App. 814 (76 SE 366). No abuse of discretion is shown in this case. The rules governing courts in the admission of evidence of one alleged to lack mental capacity are analogous to those applicable to alleged incapacity because of tender years. Green, The Georgia Law of Evidence, p. 371, § 150. These grounds are without merit.

2. Special ground 3 contends that the bastardy warrant was improperly admitted into evidence. The contents and entries on a bastardy warrant are admissible on the trial of the accused under an indictment for bastardy founded on such proceedings. *McCalman v. State*, 121 Ga. 491 (49 SE 609); *Nutt v. State*, 46 Ga. App. 725 (3) (169 SE 49); *Jones v. State*, 88 Ga. App. 790 (78 SE2d 88).

Defendant contends that no oath was actually administered at the time the warrant was issued and that nothing was done or said to signify that the prosecutrix consciously took upon herself the obligation of an oath at such time. The prosecutrix testified that she took out a warrant for the defendant, that she didn't sign it, just touched the pencil, and that nothing else was done *at the time she touched the pencil*. The oath could have been administered prior to this time. A presumption arises that public officers will perform their duties in a legal manner. *Savannah Beach, Tybee Island v. Lynes*, 200 Ga. 26, 30 (35 SE2d 912); *Lowe v. Taylor*, 180 Ga. 654 (2) (180 SE 223). The

officer in this case, the justice of the peace, was a witness and available to the defendant on cross examination, but no effort was made to rebut this presumption by questioning him as to the manner in which the warrant was sworn to and issued. This contention is, therefore, without merit.

3. It is not error for the trial court to refuse to direct a verdict in a criminal case, as contended in special ground 4.

4. The only issues in a prosecution for bastardy are the paternity of the bastard child and the failure of the defendant to give the bond and security required. *Adams v. State,* 99 Ga. App. 301 (108 SE2d 143). The evidence in this case disclosed that the defendant had failed to give bond and security as required by the justice of the peace in the bastardy proceedings and under the testimony of the prosecutrix that the defendant (to whom she was not married) was the only man with whom she had ever had sexual relations, the finding was authorized that her child was illegitimate and that the defendant was its father. *Jones v. State,* 11 Ga. App. 760 (1) (76 SE 72) ; *Adams v. State,* supra. Accordingly, while the defendant denied being the father of the child, the evidence was ample to support the verdict and the general grounds and special grounds 5, 6 and 7 in amplification of the general grounds are without merit.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*