## 41569. POPE v. THE STATE.

PANNELL, Judge. Upon the trial of the defendant on a charge of abandonment of two illegitimate children allegedly sired by him, the testimony of the prosecutrix was as follows: "She first met the defendant, Charles Pope, around April of 1955. That she saw and had sexual intercourse with defendant off and on until February of 1963; that she had sexual intercourse with defendant during the months of December of 1962 and January of 1963. That she missed her menstrual period in February of 1963. That on October 28, 1963, she gave birth to a female child named Carrie Venessa Dixon. That subsequent thereto she continued to see and have sexual intercourse with the defendant until February of 1964, at which time she missed another monthly menstrual period. That on October 19, 1964, she gave birth to another female child named Flora Lynn Dixon. Prosecutrix further testified that after she met the defendant in April of 1955, she had sexual intercourse with no other man except the defendant. That the defendant had given her $20 to $25 for support for the two children at various times since the birth of the two children and that in December of 1964, the defendant gave her a stroller for the children. That after that time defendant gave her no food, shelter, clothing or money for the children. That she married one Willie James Dixon in 1952, and that around February or March of 1954, Willie James Dixon left her and went to Florida to find work. That the next time she saw Willie James Dixon was Christmas Eve of 1956, and at that time she only saw him for a few minutes at her mother's house; and at this time she had no sexual intercourse with him. That the next time she saw her husband, Willie James Dixon, was around August of 1958, at which time she again saw him for only a few minutes at her mother's house and at this time she had no sexual intercourse with him. She further testified that since August of 1958, she had not seen nor heard from her husband, Willie James Dixon. That she had lived continuously in Bibb County, Georgia, since 1954 and that the two children were born in Bibb County, Georgia.

"She did not know where defendant, Charles Pope, worked or by whom he was employed. She had called him occasionally by telephone 'where he worked,' to ask him for money. She

did not know the amount of his salary. On occasion he would give her as much as $20 or $25, but these donations were not regularly made. He had not given her any money since before December, 1964. She knew defendant was married, had eight children and lived with his family." *Held:* The evidence as to lack of access on the part of the husband was sufficient to authorize the jury to find that the presumption of legitimacy was rebutted and that the defendant was the father of the children and had abandoned them by his failure to support. *Jones v. State,* 11 Ga. App. 760 (1) (76 SE 72); *Kennedy v. State,* 9 Ga. App. 219 (70 SE 986). The trial judge, therefore, did not abuse his discretion in refusing to grant a new trial on the general grounds only.

*Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.*

SUBMITTED OCTOBER 5, 1965—DECIDED OCTOBER 25, 1965.

*Milton K. Wallace,* for plaintiff in error.
*Tommy C. Mann, Assistant Solicitor,* contra.