## 44007. SAMPLES v. THE STATE.

WHITMAN, Judge. This is a bastardy case. The defendant appeals from the judgment of conviction and sentence. *Held:*

1. Motion by appellee to dismiss the appeal of the appellant is denied. See *Tiller v. State,* 224 Ga. 645 (164 SE2d 137). See also *Tiller v. State,* 118 Ga. App. 590 (164 SE2d 915).

2. The first enumeration of error is that the trial court erred in overruling defendant's motion for new trial because the verdict was not supported by the evidence. It is only necessary that there be some evidence to support the verdict. *Alfred v. State,* 6 Ga. 483 (2); *Russell v. State,* 68 Ga. 785 (2); *Waters v. State,* 15 Ga. App. 342 (4) (83 SE 200).

This is not a case in which the conviction is wholly dependent upon circumstantial evidence. The prosecutrix testified that she was 17 years of age and unmarried; that she was the mother of the month-old child, born April 27, 1968, whom she carried in her arms and that the defendant was the father; that she met the defendant in April, 1967; that they went "steady"; that they had sexual intercourse first in May, 1967, and about once a week thereafter for two months; and that she had never had intercourse with anyone previously nor with anyone else since.

The defendant admitted that he had had intercourse with the prosecutrix on several occasions. He stated, however, that he had used a contraceptive each time. This was rebutted by the prosecutrix. There was testimony by two other wit-

nesses that they had intercourse with the prosecutrix in June and July, 1967. This was also rebutted by the prosecutrix.

The prosecutrix had certain personal letters which she received from the defendant admitted into evidence which could be construed as an acknowledgment by the defendant that he was the father of the child.

The above evidence sufficiently supports the verdict.

3. The second enumeration of error is that the State failed to prove that the prosecutrix was not married at the time the child was conceived.

The law does not require the State to make this proof as an element of the offense. *Jones v. State,* 88 Ga. App. 790, 791 (2) (78 SE2d 88); *Adams v. State,* 99 Ga. App. 301 (1) (108 SE2d 143). But a defendant is free to show that the child was born of a marriage, which raises a presumption of legitimacy. The presumption when raised is rebuttable and the burden of going forward with the evidence is then upon the State. A child born of a married mother may still be a bastard. *McLoud v. State,* 122 Ga. 393 (2) (50 SE 145). The crucial issue is paternity.

There was no error in overruling the motion for new trial on this special ground.

4. It is also contended that the trial court erred in allowing the prosecutrix to testify over objection that the defendant was the father of the child. This was not error. *Nutt v. State,* 46 Ga. App. 725 (1) (169 SE 49). Generally, the prosecutrix may testify that the accused is the father of her child, "such testimony not being admissible as an opinion but as an absolute fact within her knowledge." 10 CJS 171, Bastards, § 83.

5. There was no request to charge the jury on the subject of circumstantial evidence, but the failure to do so has been enumerated as error. There being some direct evidence of the defendant's guilt, there was no error in not so charging. "The rule is that 'A charge to the jury on circumstantial evidence is required only when the case is wholly dependent thereon.' *Williams v. State,* 196 Ga. 503 (1) (26 SE2d 926), and citations." *Pippins v. State,* 224 Ga. 462, 464 (162 SE2d 338).

6. The defendant's contention that the trial court failed to charge the jury on the defendant's defense is also without merit. We note again that there were no requests made to the

trial court to give any particular charges. The jury was charged that the defendant had entered a plea of not guilty to the charges against him and that this formed the issue to be tried. The jury was also charged: *"The defendant says that he is not the father of the child* and that he did not commit the acts alleged in the accusation and that he is not guilty of the charges in the accusation. If you believe the defendant is not guilty or that from the evidence or lack of evidence you have a reasonable doubt as to his guilt you should give him the benefit of the doubt and acquit him." (Emphasis supplied.) The only defense raised by the evidence was that the defendant was not the father of the child. We think the charge set forth the defendant's defense.

The evidence, to be sure, raised the possibility that someone other than the defendant could have been the father. Other witnesses testified that they had had intercourse with the prosecutrix. However, appellant's contention that it was incumbent upon the court to recount or refer specifically in the charge to the testimony in the case in relation to the testimony of the other witnesses referred to is without merit. *Groves v. State,* 8 Ga. App. 690, 691 (2) (70 SE 93) ; *Weldon v. State,* 21 Ga. App. 330 (1) (94 SE 326) ; *Cronin v. State,* 37 Ga. App. 611 (141 SE 319) ; *Herndon v. State,* 38 Ga. App. 117, 120 (142 SE 695) ; *Wright v. State,* 39 Ga. App. 10, 12 (145 SE 907). *Thompson v. State,* 16 Ga. App. 832 (84 SE 591), and *Henderson v. State,* 95 Ga. App. 830 (99 SE2d 270) do not require a different ruling.

There was no error in overruling ground 9 of the amended motion for new trial with respect to this contention.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED OCTOBER 7, 1968—DECIDED FEBRUARY 5, 1969.

*Wendell C. Lindsey,* for appellant.

*John R. Thompson, Solicitor, Jake Morgan, Rich, Bass, Kidd & Broome, C. Richard Avery,* for appellee.